[No. 20421.   Department One. — June 16, 1888.]

EX PARTE CHARLES LANE, ON HABEAS CORPUS.

CRIMINAL LAW — UNLAWFUL VISITING OF GAMBLING-HOUSE — MUNICIPAL ORDINANCE. — A municipal ordinance of the city and county of San Francisco making it unlawful for any person in said city and county to become a visitor of a place for the practice of gambling is valid, and the police judge's court has jurisdiction of the offense.

ID. — COMPLAINT. — A complaint charging the violation of a municipal ordinance is sufficiently certain if it refers to the ordinance, and describes the offense prohibited, without pleading the ordinance in full.

APPLICATION for a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Alfred Clark,* and *J. D. Sullivan,* for Petitioner.

*Davis Louderback, E. B. Stonehill,* and *Walker C. Graves,* contra.

FOOTE, C.—The prisoner was complained of before the police judge's court of the city and county of San Francisco as having committed a misdemeanor in violation of an ordinance of said city and county, in that he "then and there did unlawfully and willfully become and was a visitor to a certain house and place for the practice of gambling, there situate in said city and county of San Francisco, to wit, at 14 Kearny Street; thereby violating the provisions of sections 1 and 33,

order No. 1587, of the board of supervisors of the said city and county of San Francisco, as amended by order No. 1955 of said board; contrary to the form, force, and effect of the statute in such cases made and provided, and against the peace and dignity of the people of the state of California. And this complainant upon oath accuses the said Charles Lane of having committed said crime; and this complainant further alleges and deposes that the said accused was then and there arrested therefor in the actual commission of the said offense," etc.

The complaint was duly sworn to by one J. W. Wallace. As we think, it sufficiently charges a criminal offense, and the order of the board is set out and pleaded with sufficient certainty.

The police judge's court has jurisdiction of the offense, and of the person of the defendant. The ordinance, according to the return of the officer having the defendant in custody, seems to be valid, and we perceive no sound reason why the defendant should not be tried for the offense of which he is duly complained of before the proper tribunal.

We therefore advise that the writ be denied, and defendant remanded.

HAYNE, C., concurred.

BELCHER, C. C., took no part in this opinion.

The COURT.—For the reasons given in the foregoing opinion, the writ is denied, and defendant remanded.