*In re* AH KIT.

(*Circuit Court, N. D. California.* October 27, 1890.)

CONSTITUTIONAL LAW—FOURTEENTH AMENDMENT.
City ordinance No. 2191 of San Francisco, making it a punishable offense to visit any gambling place located within certain specified limits, which designates what is known as the "Chinese quarter," applies to all alike, since white men as well as Chinese live therein, and the prohibition extends to "any person," irrespective of race or color, and is not therefore within the language of the fourteenth amendment.

Petition for Writ of *Habeas Corpus.*
*Alfred Clarke*, for petitioner.

*Davis Louderback*, for respondent.

HAWLEY, J. Petitioner was arrested for violating the provisions of section 1 of ordinance No. 2191, which, among other things, prohibits any person from visiting any gambling place within certain limits, in the city and county of San Francisco, defined as follows: "Bounded by the north side of California street, east side of Powell street, and the north side of Broadway." Authority to enact ordinances of this nature is expressly given to the municipality by the state constitution, (article 11, §§ 7, 11;) and such ordinances have been declared constitutional by the supreme court of the state, (*Ex Parte Lane*, 76 Cal. 587, 18 Pac. Rep. 677; *In re Linehan*, 72 Cal. 115, 13 Pac. Rep. 170.) If there are any provisions in this ordinance which are made misdemeanors, and punishable by the general statutes of the state, and for that reason not punishable under the ordinance, (*In re Sic*, 73 Cal. 142, 14 Pac. Rep. 405,) it will be time enough to dispose of such questions when they arise. It is sufficient to say that the charge against petitioner does not raise any such question.

There are no federal questions involved in this case. The provision in the ordinance making it a misdemeanor for any person to become a visitor to any "place for the practice of gambling" does not in any manner conflict with any of the provisions of the fourteenth amendment to the constitution of the United States. The *Laundry Cases*, upon which petitioner principally relies, are essentially different from this. There the facts shown established—

"An administration directed so exclusively against a particular class of persons as to warrant and require the conclusion that, whatever may have been the intent of the ordinance as adopted, they are applied by the public authorities charged with their administration, and thus representing the state itself, with a mind so unequal and oppressive as to amount to a practical denial by the state of that equal protection of the laws which is secured to the petitioners, as to all other persons, by the broad and benign provisions of the fourteenth amendment to the constitution of the United States." *Yick Wo* v. *Hopkins*, 118 U. S. 373, 6 Sup. Ct. Rep. 1064.

Here the ordinance in its practical operation and effect applies to all alike. There is no discrimination against any class of persons on account of their race or color. The provisions of the ordinance are necessary for the protection of society, the peace and good order of the community, and are in their nature and effect of the character which belong to the police power of the state. Although the limits, as defined, are generally designated and known as the "Chinese quarter," yet the fact is that white men as well as Chinese live and own property within these limits. Moreover, any person, without regard to his residence, race, or color, found visiting any gambling place therein, is liable to arrest and punishment.

The writ is dismissed, and petitioner is remanded to the custody from whence he came.