Cook *v.* The New York Central Railroad Company.

---

ANNA M. COOK, as Administratrix of JOHN F. COOK, deceased, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, SEPTEMBER, 1871.)

A charge to the jury, in an action against a railroad company for negligently causing the death of the plaintiff's intestate at a railroad crossing in a city, to the effect that even if it appeared that the signals were not given for the entire distance required by law, it would not necessarily follow that the company would be liable, if the bell was rung or whistle sounded for such a distance from the place of the accident as fully and fairly to give the deceased timely and sufficient warning that the train was approaching, in time to prevent him from crossing or attempting to cross the track, sustained as correct.

Evidence is inadmissible in such action to show an agreement between the plaintiff and her attorney as to the measure of his compensation and the terms on which he was to commence and prosecute the action for her as such attorney, there being no issue in respect to the proper parties to the action and no other issue to which such evidence was material.

In this action the admission of such evidence was held to be sufficient ground for reversal of the judgment, it appearing that an agreement was made for compensation out of the amount recovered, on the ground that such evidence tended to prejudice the mind of the jury against the defendant.

Testimony of a deceased witness before a coroner's inquest, held upon the body of plaintiff's intestate, is inadmissible on behalf of plaintiff in such action, although it appears that the defendant was represented by counsel upon such inquest. The inquest is not in any sense an action or judicial proceeding between the parties.

THIS action was brought under the statute for negligently causing the death of the plaintiff's intestate, at a railroad crossing in the city of Buffalo, and tried before the court and a jury at the Erie county circuit, in January, 1868. The plaintiff proved, to maintain the issues on her part, that she had been duly appointed administratrix of the estate of John F. Cook, deceased, and was sworn in her own behalf, and testified among other things as follows: That John F. Cook, her husband, was killed by being run over by the cars of the New York Central railroad at the crossing of its road at Hamburg street, in the city of Buffalo, on the evening of the 17th of September, 1864. On cross-examination she was asked by the counsel for the defendant, "Did you ever make a contract with your attorney and counsel as to the terms upon which he should prosecute this action for you?" To this question the counsel for the plaintiff objected. The justice overruled the objection and admitted the question. To which ruling the counsel for the plaintiff excepted. The witness then answered that she had made a written agreement with her attorney and counsel as to the terms under which he should prosecute her cause. The counsel for the plaintiff then insisted the writing should be produced, and that parol evidence should not be given of its contents. The justice overruled the counsel for the plaintiff, and directed the witness to answer the question, to which ruling the counsel for the plaintiff excepted. The witness then answered the question, that she had agreed to give him one-half of what should be recovered in the case, as she had no means of her own to carry on her case.

The counsel for the plaintiff then offered to prove what John Brennan, who drove the wagon, in which deceased was at the time of the accident, swore to before the coroner's jury holding an inquest on the body of Cook, stating (which was not denied), that Brennan was killed three days before the first trial of this cause by an accident, after he had been subpenaed to attend that trial as a witness for the plaintiff, and that the defendant was represented by counsel on the

Cook *v*. The New York Central Railroad Company.

inquest. The counsel for defendant objected to such evidence. The court sustained the objection, and the counsel for the plaintiff excepted.

Evidence was given in behalf of the plaintiff tending to show that the flagman whom the company had been accustomed to keep at this crossing for many years was not at his place; that no bell was rung or whistle sounded, as required by law; that the train, which was backing down, had no light on the front car; that no warning was given by the flagman or any one in his place; that the company were running their cars at the time of the collision at a greater rate of speed than six miles an hour, the rate of speed to which they were limited by the ordinance of the city of Buffalo, which was proven and read to the jury. The defendants gave evidence tending to prove that neither Brennan nor Cook gave any attention to the approaching train; that they might have seen it in time to have avoided the collision had they looked. The defendants also gave evidence tending to prove that there was a flagman at the crossing; that he warned them of the approach of the train in time to have avoided the collision; that he tried to stop them from passing over the track before the train reached the street on which they were traveling, and that Brennan insisted that he would drive over, and struck his horse and passed the track in front of the train, so that the engine struck the wagon in which they were, throwing them out, and passing over Cook and thus causing his death. Evidence was also given in behalf of the plaintiff, tending to show the reverse of this testimony.

The judge then charged the jury, among other things, as follows: "The ordinance of the city has been read to you, which prohibits the running of cars within the ward in which this injury occurred at a rate exceeding six miles an hour. Persons in crossing the railroad have the right to assume that this ordinance will be observed and that the railroad company will propel their trains at no greater rate of speed than the ordinance of the city will allow. The ordinance was only important for the purpose of showing what parties

may rely upon and govern their conduct accordingly." To the foregoing instructions the counsel for the plaintiff did then and there except, and to each and every proposition thereof.

The court further charged the jury that if it was obvious from the evidence in the case that the signals were not given for the entire distance required by law, that it would not necessarily follow, from the neglect on the part of the persons in charge of the train to ring the bell for the entire distance mentioned in the statute, that the railroad company would be liable, if the bell was rung or whistle sounded for such a distance from the place of the accident as fully and fairly to give the deceased and the person with him timely and sufficient warning that the train was approaching in time to prevent them from crossing or attempting to cross; that in such case the object of the law was accomplished, which was to give the traveler sufficient warning of the approach of a train to enable him to avoid a collision with the train. And if after receiving such warning of the approach of the train the deceased and the person with him undertook to cross the track in front of the approaching train, when the train was so near the crossing as to render that impracticable or dangerous, then the deceased and the person with him were negligent, and if that negligence contributed to the production of the death of the intestate, the plaintiff could not recover. To this instruction the counsel for the plaintiff excepted.

The jury found a verdict in favor of the defendant, and the court directed the entry of an order that the exceptions in this case be heard in the first instance at the General Term.

*John C. Story,* for the plaintiff.

*A. P. Laning,* for the defendants.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. There was no error in the charge of the judge. That part of the charge in respect to

ringing the bell and sounding the whistle, and the conduct of the person injured in reference to such signals, is in exact accordance with the rule laid down in *Havens* v. *The Erie Railway Company* (41 N. Y., 296).

In respect to that part of the charge on the subject of the city ordinance regulating the speed of trains, the first branch of it, or proposition, is certainly correct, and the exception is general " to each and every proposition." The second proposition is not erroneous, on the face of it. It is a mere genera_ statement that the ordinance was important only as a rule for the government of the conduct of the parties. This, of course, includes both parties, as it stands, and is scarcely subject to verbal criticism. If the defendant's counsel desired to raise any point upon it, he should have called the attention of the judge more particularly to the subject, and specified what he regarded as erroneous in the proposition, and how he desired to have the rule stated.

The ruling admitting evidence on the subject of the agreement between the plaintiff and her attorney as to the measure of his compensation, and the terms on which he was to commence and prosecute the action for her, as such attorney, was undoubtedly erroneous, and the exception is well taken, unless we can see that the plaintiff could not have been prejudiced by the evidence. That the evidence was wholly irrelevant and immaterial, is quite clear. There was no issue in respect to the proper parties to the action; and there was no other issue in the case to which the evidence could be made applicable. It was entirely foreign to the question, whether a cause of action existed in the plaintiff's favor against the defendant. The evidence being irrelevant and immaterial, and admitted against the plaintiff's objection, upon an exception duly taken, a new trial is to be granted, unless it can be clearly seen that the plaintiff could not possibly have been prejudiced by the ruling and the improper evidence. (*Farmers' and Manufacturers' Bank* v. *Whinfield*, 24 Wend., 419.) Cowen, J., in that case says that if the court can see that the evidence objected to must necessarily have tended in favor of

the party excepting, "if it made for him in its own nature, or could not possibly prejudice his case, that might be an answer; but so long as the chance is equal, that it may have had some effect one way or the other, the party is entitled to the benefit of the principle that irrelevant testimony should be shut out from the jury." Here the evidence was admitted as relevant, and as having something to do with the matter in issue which the jury were to determine. It is true, the jury found that the plaintiff had no cause of action, and probably upon the ground that the injury arose from the carelessness and negligence of the party injured. But every one at all familiar with trials before juries knows how such a fact, as the one given in evidence here, would be likely to operate on the minds of a jury, and create a prejudice and bias against both the party and the attorney; and the court cannot decently pretend to be ignorant on that subject.

The chances are that it had made more than "a feather's weight" in the determination of the issues upon the merits. But so long as it had, or may have had, no more than that, as was said in the case before cited, the party insisting upon his exception "is entitled to his neat point on error."

The testimony of the witness, John Brennan, before the coroner's inquest, was properly excluded. The inquest was no action or judicial proceeding between these parties in any sense.

But for the error in the other ruling, a new trial must be granted, with costs to abide the event.

Judgment accordingly.