# IN RE WELLCOME.

[No. 1,401.]

[Submitted October 17, 1899.   Decided October 18, 1899.]

*Attorney — Disbarment — Witnesses — Deposition.*

1. A disbarment proceeding is not a criminal prosecution, so as to entitle the respondent to be confronted personally by the witnesses against him, under Constitution Article III, Section 16, providing that a person accused of a crime shall have the right to meet the witnesses against him face to face.
2. Under Code of Civil Procedure, Section 3341, which provides that the testimony of a witness out of the state may be taken in a special proceeding at any time after a question of fact has arisen, a deposition may be taken in disbarment proceedings.

APPLICATION in disbarment proceedings against John B. Wellcome, for commission to take deposition. Commission ordered issued.

*Mr. C. B. Nolan, amicus curiæ.*

*Mr. Wm. Wallace, Jr., Messrs. Carpenter & Carpenter,* and *Mr. J. B. Roote,* for Accused.

PER CURIAM.—The attorney general has applied to this court for the issuance of a commission out of this court, and under the seal thereof, to take the deposition of one James Marshall, residing at Minneapolis, in the state of Minnesota. The accused has filed written objections to the issuance of such a commission upon the ground that the statute does not authorize the proceeding, and because the accused has a right to meet the witnesses against him face to face, and because there is no constitutional power in the court to issue the commission prayed for.

The contention of the accused is that he has a constitutional right to face the witnesses testifying in the case.   But a proceeding in disbarment is not a criminal prosecution.   This was held in the former opinions filed herein. (*In re Wellcome, ante,* pages 140, 213, 58 Pac. 45, 47.)   Section 16, Article III. of the Constitution, relating to the rights of an accused person in a criminal prosecution, is therefore inapplicable.

Section 3341 of the Code of Civil Procedure provides that the testimony of a witness out of the state may be taken by deposition in an action at any time after service of summons or the appearance of the defendant, and in a *special proceeding* at any time after a question of fact has arisen therein. A proceeding of this nature is not an action, that is, it is not an ordinary proceeding in court whereby one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, as an ''action'' is defined by section 3471 of the Code of Civil Procedure. Not being an action, it is and must be classified as a special proceeding, for the reason that every remedy sought or administered under the Codes is classified as by action or special proceeding. There is no other place to put a proceeding of this nature, inasmuch as all remedies not embraced in the one class are necessarily within the other. We therefore think that the statutes controlling the taking of depositions in special proceedings are applicable, and that the deposition sought may be taken    (*In re Cooper,* 22 N. Y. 67; *State* v. *Clarke,* 46 Iowa 155.)

Ordered, that the commission issue, directed to the person to be agreed upon by the attorney general and the accused or his counsel.