[L. A. No. 2260. In Bank.—December 18, 1908.]

THEODORE GRUMBACH, Petitioner, v. H. J. LELANDE, as Clerk of the City of Los Angeles et al., Respondents.

MUNICIPAL CORPORATION — REGULATION OF LIQUOR BUSINESS — LOS ANGELES CHARTER—FUNCTIONS OF CITY COUNCIL AND POLICE COMMISSIONERS.—Under the freeholders' charter of the city of Los Angeles, as amended in 1903, the general legislative control of and the right to regulate the liquor traffic is conferred on the city council and the mayor, and they were not deprived of such power as the result of section 95a, then added to the charter by amendment. That section merely confers powers of a limited and *quasi* judicial nature upon the board of police commissioners, whose power to grant permits is subordinate to the power of the council to make regulations and prescribe rules governing the conduct of the business. Where one has complied with the rules and regulations, the duty of the police commissioners to grant a permit is ministerial merely, and they may not arbitrarily refuse to perform it. In the matter of the revocation of permits actually granted their functions are *quasi* judicial. It would always be their duty to refuse to issue a permit or to revoke a permit already issued if the applicant for or the holder of the permit did not bring himself within the terms of the legally existing ordinances of the city bearing upon the matter.

ID.—EXCLUSION OF BUSINESS FROM SPECIFIED TERRITORY.—It is within the police power of a municipal corporation to limit the conduct of the liquor or other business coming within its regulatory scope or to exclude such businesses from specified districts.

ID.—DESTRUCTION OF BUSINESS AS RESULT OF EXCLUSION.—Where a liquor regulation excludes the conduct of a business from a given district in which such establishments are already in operation, it is no objection to the validity of the regulation that its effect is to impair or render valueless the business of those operating such establishments.

ID.—PROHIBITION AGAINST WHOLESALE LIQUOR BUSINESS—PERMISSION FOR SALOONS—UNJUST DISCRIMINATION.—An ordinance prohibiting the carrying on of a wholesale liquor business within a designated portion of a municipality will not be held unreasonably or unjustly discriminatory, merely because it permits, within the prohibited zone, the carrying on of saloons and liquor-selling restaurants. In the absence of a showing that good reason does not exist for the discrimination, the courts will assume the discrimination to be based on good reasons.

APPLICATION for a Writ of Mandate directed to the City Clerk and other municipal authorities of the City of Los Angeles.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, Frank James, and C. W. Pendleton, *Amicus Curiæ*, for Petitioner.

The grant of power to the board of police commissioners by section 95a of the charter, as amended in 1903, is exclusive of the exercise of that power by any other board or official (23 Cyc. 107, 108, notes 77, 79; *Frandzen* v. *San Diego Co.*, 101 Cal. 317, 35 Pac. 897; *Ex parte Anderson*, 134 Cal. 69, 86 Am. St. Rep. 236, 66 Pac. 194.) The ordinance, as amended, is unreasonable and discriminatory. (*Ex parte Bohen*, 115 Cal. 372, 47 Pac. 55; *County of Los Angeles* v. *Hollywood Cemetery Association*, 124 Cal. 344, 71 Am. St. Rep. 75, 57 Pac. 153; Cooley on Constitutional Limitations, p. 280; *Crowley* v. *West*, 52 La. Ann. 526, 78 Am. St. Rep. 355, 27 South. 53; *Tugman* v. *Chicago*, 78 Ill. 405; *Chicago* v. *Runepff*, 45 Ill. 90, 92 Am. Dec. 196; *Mayor etc.* v. *Thorne*, 7 Paige, 261; *Pierce* v. *Aurora*, 81 Ill. App. 670.) The ordinance in question amounts to a prohibition. Under the charter of the city of Los Angeles the power of the city council was limited to licensing and regulating. The express power to license and regulate negatives the power to prohibit. (Black on Intoxicating Liquors, sec. 227; Dillon on Municipal Corporations, sec. 357; 23 Cyc. 69; 17 Am. & Eng. Ency. of Law, p. 286; *Ex parte Reynolds*, 87 Ala. 138, 6 South. 335; *Ex parte Mayor etc. of Anniston*, 90 Ala. 516, 7 South. 779; *Moran* v. *City of Atlanta*, 102 Ga. 840, 30 S. E. 298; *Mernaugh* v. *City of Orlando*, 41 Fla. 433, 27 South. 34; *State* v. *Clark*, 54 Mo. 17, 14 Am. Rep. 471.)

Leslie R. Hewitt, City Attorney, and Lewis R. Works, Assistant City Attorney, for Respondents.

HENSHAW, J.—This is an original application for a writ of mandate by which petitioner seeks to compel the clerk of the city of Los Angeles and the other proper municipal authorities to issue to him a permit and license to conduct a wholesale liquor establishment. The facts are the following: Ordinance No. 5746 (N. S.) of the city of Los Angeles defined a "wholesale liquor establishment," distinguishing it from a "retail liquor establishment" commonly designated a "saloon."

It prescribed that no license should be issued to carry on either class of business until a permit in writing should have been granted by the board of police commissioners authorizing such issue and filed with the city clerk, and that such board "shall have power to issue such permits and revoke the same at any time." The ordinance further provided that the board of police commissioners should not grant a permit for a license for any retail liquor establishment or for the transfer of any existing license for such establishment to be conducted outside of a portion of the city of Los Angeles described therein. Petitioner conducted a wholesale liquor establishment under permit and license as required by this ordinance at the time it was amended. The amendment made new boundaries for the inhibited territory or zone and declared that the police commissioners should not grant any permit for the issuance or transfer of any retail liquor dealers', *wholesale dealers' license,* or restaurant liquor license for any establishment to be conducted outside of the described portion of the city. The place of business of petitioner was situated outside of the described portion. The ordinance was then further amended so as to declare "that all permits heretofore granted by the said board of police commissioners for wholesale dealers' licenses for establishments to be conducted outside of the aforesaid portion of the city of Los Angeles shall continue until the first day of April, 1908, and thereupon all such permits shall expire and be of no further force or effect; and that it shall be unlawful for any person, firm or corporation to establish, conduct or maintain any wholesale liquor establishment outside of that portion of the city of Los Angeles hereinbefore described, after the first day of April, 1908." The petitioner who had been conducting his business under a permit and license formerly granted, made application for a renewal thereof and his application was refused, the refusal being based on the provisions of the amended ordinance above quoted. He seeks by mandate to compel their issuance.

The first proposition which he advances is that under the charter of the city of Los Angeles the board of police commissioners, and not the city council, is invested with plenary power over the matter in question. Upon this, petitioner's argument is, that the charter of the city of Los Angeles until 1903 vested the regulation of the liquor traffic in the city

council and that the police commissioners drew such power as they may have possessed in this matter from the grant of the city council, which in the original ordinance No. 5746 (N. S.) authorized the police commissioners to issue and revoke liquor permits at any time. It is pointed out that in 1903, [Stats. 1903, p. 570], the freeholders' charter of the city was amended and a new section added thereto which section is numbered and reads as follows: "Sec. 95a. The board of police commissioners shall have power to grant permits, under and in conformity to the ordinances of said city, authorizing the city clerk to issue licenses to persons desiring to engage in the sale of liquors, and to revoke any such permit when it shall appear to the board that the business of the person to whom such permit was given is conducted in an illegal, disorderly, or improper manner. Without such permit no person shall engage in the business of selling liquor." Petitioner contends that the meaning and effect of this provision are to confer upon and vest in the board of police comissioners exclusive jurisdiction with reference to the granting of permits authorizing the issuance of licenses to persons desiring to engage in the sale of liquors; that the city council is deprived of the power which formerly it had over the matter and that its ordinance prescribing that, after a certain date licenses shall no longer be issued, is inoperative and void if it conflicts with or is designed to curtail the power of the board of police commissioners; that this board has full power to grant permits and that when a permit is so granted it is the imperative ministerial duty of the clerk, upon payment of the required fee, to issue the license thereon.

Could we construe section 95a as does petitioner the conclusion at which he arrives would be irresistible, but this cannot be done. The legislative power of a municipality is usually vested in its mayor and city council. Regulatory ordinances in the exercise of the police power granted to all cities (Const., art. XI, sec. 11) constitute a most important part of its legislative functions. It would be unusual to find the council thus shorn of a portion of this power, and while we are not to be understood as implying that this may not be done, it would require a clear enunciation in the organic law of a city to lead to the conclusion that it was intended to be done. This court recently had occasion to construe the charter

of this city with reference to the constitutionality of the provisions therein contained for the initiative and referendum and it declared that "the effect of the provisions of the Los Angeles charter, as amended, is to give the legislative power vested in the city (by the constitution) to the council and mayor, subject to such control by the electors as is given to them by the initiative and referendum provisions." (*In re Pfahler*, 150 Cal. 71, 84, [88 Pac. 270].) Section 95a itself makes recognition of the authority of the council by limiting the power of the police commissioners to grant permits and declaring that the exercise of that power shall be "under and in conformity to the ordinances of said city." Subdivision 13 of section 2 of article I of the charter [Stats. 1889, p. 456], vests in the municipal corporation the power "to license and regulate the carrying on of any and all professions, trades and occupations," and, as has been said, the general legislative control of these matters rests with the council and the mayor. A design to deprive those officers of the right to regulate the liquor traffic requires more complete expression than is found in section 95a. There is no inconsistency nor conflict in the provisions of the charter as we read it; 95a confers powers of a limited and *quasi* judicial nature upon the board of police commissioners. The power to grant permits is subordinate to the power of the council to make regulations and prescribe rules governing the conduct of the business. Where one has complied with the regulations and rules, the duty of the police commissioners to grant a permit is ministerial merely and they may not arbitrarily refuse to perform it. In the matter of the revocation of permits actually granted their functions are *quasi* judicial. They act upon the individual case as it may be presented and are empowered to revoke when it shall apear to them that the business of the person is conducted in an illegal, disorderly, or improper manner. It would always be their duty to refuse to issue a permit or to revoke a permit already issued if the applicant for or the holder of the permit did not bring himself within the terms of the legally existing ordinances of the city bearing upon the matter.

Petitioner's second contention that the ordinance as to him is void in that its enforcement deprives him of property and vested rights without compensation or due process of law is without support in reasoning or authority. It is well settled

that it is entirely within the police power to limit the conduct of the liquor or other businesses coming within its regulatory scope or to exclude such businesses from specified districts. (*In re Linehan,* 72 Cal. 114, [13 Pac. 170]; *Ex parte Lacey,* 108 Cal. 326, [49 Am. St. Rep. 93, 41 Pac. 411]; *White* v. *Bracelin,* 144 Mich. 332, [107 N. W. 1055]; *Straus* v. *City of Galesburg,* 203 Ill. 234, [67 N. E. 836]; *Shea* v. *City of Muncie,* 148 Ind. 14, [46 N. E. 138].) Moreover, where a liquor regulation excludes the conduct of a business from a given district in which such establishments are already in operation, it is no objection to the validity of the regulation that its effect is to impair or render valueless the business of those operating such establishments. (*Mugler* v. *State of Kansas,* 123 U. S. 623, [8 Sup. Ct. 273]; *Kidd* v. *Parson,* 128 U. S. 1, [9 Sup. Ct. 6]; *Newson* v. *City of Galveston,* 76 Tex. 559, [13 S. W. 368]; *Brown* v. *State,* 82 Ga. 224, [7 S. E. 915]; *New Orleans* v. *Faber,* 105 La. 208, [83 Am. St. Rep. 232, 29 South. 507].)

Petitioner finally urges that the ordinance is unreasonably and unjustly discriminatory, and, therefore, void. In this connection he points out that within the prohibited zone or territory there are, besides wholesale liquor establishments, saloons and restaurants. The ordinance permits these saloons and liquor-selling restaurants to continue in operation while denying the same license and privilege to wholesale vendors of liquors; that if reasons can be shown for permitting the former classes to continue in existence, every such reason applies with greater force to the less obnoxious business of wholesale vending, or conversely, that if the design of the ordinance be to protect the residents of the district of the city from the presence of an annoying, disagreeable, or offensive business, there was more reason to suppress the saloon and the liquor-selling restaurant than there was to put the wholesale business under the ban; that there is thus presented a clear case of unreasonable discrimination in violation of the general rules justifying the creation of such by-laws, (*Ex parte Bohen,* 115 Cal. 372, [47 Pac. 55]; *Los Angeles* v. *Hollywood Cemetery Assoc.,* 124 Cal. 344, [71 Am. St. Rep. 75, 57 Pac. 153]; Cooley on Constitutional Limitations, p. 280), as well as a violation of the particular provisions of subdivision 13 of section 2 of the charter, which expressly prohibits such discrimination.

The question thus presented is not without difficulty. The reasons which may have induced the council of the city to suppress the one class of business while permitting the other are not obvious. But upon the other hand there may have been reasons actuating the council, good and sufficient in themselves, though not clearly appearing from a mere reading of the ordinance itself. Thus, it is not improbable that the so-called wholesale liquor houses within the prohibited district were but adjuncts to retail grocery stores. The regulations governing the conduct of saloons forbid the presence at or about them of women or girls. These regulations do not apply to the wholesale houses and it is conceivable that abuses may have sprung up from the sale to or use by women and girls of liquors purchased from such grocery stores. While designated "wholesale dealers" liquors are allowed to be vended by such houses in such small quantities as pints, and the presence of women and girls in grocery stores where liquor could be vended in this way might have resulted in an evil not attached to the existence of the saloon which by law all women and girls and children are forbidden to enter. It certainly is not made clear that good reason does not exist for the discrimination, and in the absence of a satisfactory showing to this effect a court leans to the upholding of such regulatory provisions.

For the foregoing reasons the petition is denied.

Shaw, J., Angellotti, J., Lorigan, J., and Sloss, J., concurred.

Rehearing denied.