(137 App. Div. 330.)

## In re SPENCER.

(Supreme Court, Appellate Division, First Department. March 24, 1910.)

1. ATTORNEY AND CLIENT (§ 14*)—NATURE OF ATTORNEY'S OFFICE—"ATTORNEY AND COUNSELOR AT LAW."

An attorney and counselor at law is a public officer appointed by the court to perform duties of a public character, and vested with certain power and authority incidental to the office.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 21; Dec. Dig. § 14.*

For other definitions, see Words and Phrases, vol. 1, pp. 630–634; vol. 8, p. 7586.]

2. ATTORNEY AND CLIENT (§ 49*)—APPOINTMENT AND REMOVAL OF ATTORNEY—NATURE OF PROCEEDING.

The question for determination both in appointing an attorney to and in removing him from his office is whether he is qualified to hold it, and his removal is not penal in character.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 48; Dec. Dig. § 49.*]

3. DEPOSITIONS (§ 5*) — SPECIAL PROCEEDINGS — DISBARMENT OF ATTORNEY — NONRESIDENT WITNESSES.

Judiciary Law (Laws 1909, c. 35 [Consol. Laws, c. 30]) § 88, provides for removal from office by the Appellate Division of an attorney and counselor guilty of any deceit, malpractice, crime, or misdemeanor, and section 476 of the same law requires delivery to him personally of a copy of the charges against him, and that he must be allowed to be heard in his defense. *Held*, that section 476 being the only limitation on the power of the court under section 88, and the method of procedure not being regulated by statute, a proceeding thereunder to disbar must, for the purpose of procuring evidence, be treated as a special proceeding within Code Civ. Proc. § 888, providing for issuance in special proceedings of commissions to take depositions of nonresident witnesses, and respondent cannot demand the right to be confronted with the witnesses against him, though the court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes ·

in such case cannot compel him to annex papers in his possession to the commission which should be an ordinary commission to examine the witness on written interrogatories with leave to join therein.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 24; Dec. Dig. § 5.*]

Disbarment proceedings by the Bar Association of New York City against Armand Spencer. On motion by petitioner for a commission to take testimony. Motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Einar Chrystie, for the motion.
Walter S. Dryfoos, opposed.

INGRAHAM, P. J. The association of the bar of the city of New York presented to this court a petition alleging that the respondent, an attorney at law, had been retained by an attorney residing in the city of Paris on behalf of his client, one Sicard, also residing in Paris, to collect a claim for 2,540 francs from a firm of Meyer Bros. of the city of St. Louis in the state of Missouri; that in the month of April, 1908, the respondent collected from said firm of Meyer Bros. the sum of $345.83 in settlement of the claim of the said Sicard; that no part of said money was ever paid by the respondent to the said Sicard although demanded; and that the respondent had converted the sum so collected to his own use. The respondent in his answer admits that he collected the money, but alleges that his agent duly paid to the attorney for Sicard in the city of Paris the full equivalent of the amount collected from Meyer Bros. Upon the petition and answer, an order was entered referring the matter to the official referee to take proof of the facts set forth in the petition, and report the same to this court with his opinion. The petitioner now applies for a commission to the city of Paris to take the testimony of the attorney residing in that city as to any payment made to him by the respondent.

. It is apparent that the testimony of the person to whom the respondent alleges he paid this money is necessary to enable the court to determine the question at issue, and, if the court has no power to issue a commission to take this testimony, the proceeding will necessarily fail. The question is of much importance, as in many cases attorneys in New York are retained by clients outside of the state, and, if the control of the court over its attorneys must depend upon witnesses who can be found in this state, it will be impossible in many cases to properly determine the proceedings. If witnesses to prove such misconduct are not within the state so that their attendance can be secured upon a hearing, all that the attorney has to do is to confine his misconduct to those cases where his clients or the witnesses who can prove the facts necessary to establish the misconduct are not residents of the state or whose attendance cannot be procured by subpœna and the court is powerless to act. It would appear that the power to issue a commission in such a case must exist if the court is to retain its control over its attorneys. The right to issue this com-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mission is challenged by the respondent and he demands the right, which he says is guaranteed to him by the Constitution and the common law, to be confronted with any and all witnesses produced against him. The question is one solely of power, for, if the court has power to issue a commission, this certainly is a case in which one should issue.

The nature of such a proceeding to discipline an attorney has been much discussed by judges in various cases that have come before the courts. These proceedings have been spoken of as being of a public nature and of a quasi criminal or penal character. An attorney and counselor at law is a public officer appointed by the court to perform duties of a public character and vested with certain power and authority as incidental to the office. The power of appointment to this office is given to the Appellate Division of the Supreme Court, and there is also given to the Appellate Division a power to remove a person from such office. Necessarily the removal is no more criminal or penal than is the appointment. The question to be determined in both instances is whether either the applicant for the office or the person proceeded against is qualified to hold the office. Before an applicant can be appointed an attorney and counselor at law, he is bound to qualify both by reason of general education and professional fitness and moral character for the office to which he seeks appointment; and, if by reason of misconduct it appears that he is not a proper person to hold the office, the Appellate Division is given power to disbar him. The essential nature of both proceedings is the same; the inquiry being to ascertain whether or not a person is or is not qualified and fitted to hold the office of attorney and counselor at law.

In Matter of Cooper, 22 N. Y. 67, there is an interesting discussion as to the nature of the proceeding to admit attorneys and counselors at law. That was an appeal from an order of the General Term denying a motion to admit the applicant as an attorney and counselor at law, and several questions were settled. It was held that the application to the court to admit an attorney was a judicial question to be determined by the court upon the evidence before it, and it was also decided that such an application was a special proceeding. The provisions of the Code then in force, which are substantially re-enacted as sections 3333 and 3334 of the Code of Civil Procedure, were discussed, and it was held that, as the application was not an action, it was a special proceeding, and thus a denial of the application gave to the applicant a right to appeal to the Court of Appeals. Since the decision in that case these two questions have not been seriously questioned. Though with a protest from the Justices of the Supreme Court (see In re Graduates, 11 Abb. Prac. 301), this case was treated as settling the question as to the nature of such proceedings and appeals based upon this principle in proceedings to discipline an attorney were entertained and decided by the Court of Appeals upon the ground that an order disbarring an attorney was a final order in a special proceeding and thus appealable. Matter of Kelly, 59 N. Y. 595, was an application to disbar the respondent made by one Morange, who was also an attorney and counselor of the court. By a

final order, the court denied that application "with ten dollars costs of motion and disbursements" to be paid by the said Morange personally. Morange appealed from this order upon the ground that the court had no power to impose costs, and it was said that the proceeding was of a public nature and quasi criminal, and, when instituted by an attorney in bad faith, it was competent for the court to provide indemnity to the aggrieved party by imposing the burden upon the accuser. It is quite evident that this decision could only be sustained upon the ground that the application was a special proceeding and the determination of it a judicial proceeding in which costs could be allowed. In the Matter of an Attorney, 83 N. Y. 165, the Supreme Court directed that a commission issue to take the testimony of a witness out of the state. The attorney involved appealed to the Court of Appeals. In that case the court held that the proceeding was a special proceeding, but the power to issue a commission was not within the statute which authorized depositions taken without the state for use within the state (citing section 888 of the Code of Civil Procedure) "for that relates to actions only, in their various stages, and neither by its terms nor any implication can it be extended to any other mode or form of proceeding." Instances were then given in which a commission had been refused, all of which would clearly be special proceedings under the Code. Attention was then called to an amendment of the Code by the Legislature of 1862 (chapter 375, Laws 1862), which authorized a commission in a special proceeding, but which statute was repealed in 1877 (chapter 417, Laws 1877, § 1, subsec. 36), and the provisions therein not relating to actions were not re-enacted. Such being the law in 1895, the Legislature amended section 888 of the Code of Civil Procedure (see chapter 308 of the Laws of 1894) by providing that a commission may be issued in special proceedings. If, therefore, this is a special proceeding within the meaning of the Code of Civil Procedure, the court has undoubtedly power to direct that a commission issue. The cases to which I have called attention have uniformly treated this proceeding as a special proceeding of a judicial nature, and upon that ground have entertained appeals from orders removing an attorney.

This proceeding was instituted under section 67 of the Code of Civil Procedure since re-enacted as section 88 of the judiciary law (chapter 35, Laws 1909 [Consol. Laws, c. 30]). It is there provided that:

"An attorney and counsellor, who is guilty of any deceit, malpractice, crime or misdemeanor, * * * may be suspended from practice, or removed from office, by the Appellate Division of the Supreme Court."

Section 68 of the Code of Civil Procedure re-enacted as section 476 of the Judiciary Law, supra, provides that:

"Before an attorney or counsellor is suspended or removed as prescribed in section eighty-eight of this chapter, a copy of the charges against him must be delivered to him personally * * * and he must be allowed an opportunity to be heard in his defense."

The Appellate Division is thus given power to remove an attorney and counselor at law, the only limitation upon that power being that, before he is suspended or removed, a copy of the charges against him

must be delivered to him personally, and he must be allowed an opportunity of being heard in his defense. The method of procedure before the Appellate Division is not regulated by statute, but, while the attorney cannot be removed until he is found guilty of deceit, malpractice, crime, or misdemeanor, the regulations governing the trial of a criminal action or proceeding are not made applicable to a proceeding to disbar an attorney. A proceeding for such a disbarment is thus instituted under the Code of Civil Procedure. It necessarily is a judicial determination of a question of fact which is presented for determination by the Appellate Division. The uniform course of the decisions of the highest court of this state to treat such a proceeding as a special proceeding under the Code of Civil Procedure is indicated by the cases to which attention has been called, and, as the proceeding has thus been treated as a special proceeding for the purpose of allowing an attorney a right of appeal to the Court of Appeals, I think that we should treat it as a special proceeding for the purpose of procuring the evidence necessary for the court to determine whether or not the respondent is guilty as charged. In coming to this determination I have not overlooked the decision of the Court of Appeals in the Matter of Droege, 197 N. Y. 44, 90 N. E. 340. In that case the respondent attempted to appeal from an order of this court removing him from the office of city magistrate of the city of New York, and the court held that that was not a special proceeding within the meaning of the Code of Civil Procedure. In that case the court, speaking of these disbarment proceedings, stated that they had conditions which were unique; that appeals to the Court of Appeals from decisions of the former General Term and Appellate Division in such cases have always been entertained since the decision in Matter of Cooper, 22 N. Y. 67. I have come to the conclusion, therefore, that this should be treated as a special proceeding within the provisions of the Code of Civil Procedure. Being so treated, the court has power to issue a commission, and the facts presented plainly show the necessity for such a commission. The motion will therefore be granted.

The court, however, has no power to compel the respondent to annex to the commission any papers in his possession. The commission to issue will be an ordinary commission to examine the witness named upon written interrogatories, with leave to the respondent to join in the commission, and the proceedings before the referee will be stayed until the return of such commission. All concur.