[Crim. No. 967. Second Appellate District, Division One.—April 17, 1923.]

In the Matter of the Proceedings for the Disbarment of A. J. MORGANSTERN.

[1] ATTORNEY AT LAW—ACCUSATION—PRESENTMENT BY CORPORATION. Section 291 of the Code of Civil Procedure merely provides that the accusation for the disbarment of an attorney at law may be presented by an organized bar association, without specifying whether it shall be incorporated or unincorporated, and the fact that the accuser is a corporation instead of an unincorporated association does not place it outside the terms of the statute.

[2] ID. — ACCUSATION BY CORPORATION — IMPLIED POWER — DECLARED OBJECTS OF ORGANIZATION.—An incorporated association whose articles disclose among the declared purposes of its organization the maintenance of a certain standard among the members of the bar and the supplying of an agency whereby their ideals may be made effective in daily practice has implied power to present an accusation for the disbarment of an attorney at law.

[3] ID.—ACCUSATION BY CORPORATION—SIGNING AND VERIFICATION.— An accusation for the disbarment of an attorney at law made by an incorporated association is not required to be signed and verified by the corporation itself, since there is nothing in the statute which requires that it be signed by either the corporation or by any person, it being only required that it be in writing and providing that the verification, when presented by an organized bar association, may be made on information and belief.

[4] Id.—Form of Verification—Sufficiency of.—Verification of an accusation for the disbarment of an attorney at law presented by an incorporated association is sufficient where it recites that affiant "has been informed of all the matters therein alleged, and he believes them to be true and upon such information and belief states that each and all of the charges therein contained are true," notwithstanding nothing in the accusation is stated on information and belief.

[5] Id.—Procedure for Disbarment—Silence of Statute—Effect of.—The fact that an attorney at law was accused under subdivision 5 of section 287 of the Code of Civil Procedure, which was enacted in 1911, whereas it was not until after June 29, 1921, that any direct method of procedure was provided by statute for enforcing such subdivision, and that the acts of which the attorney was accused were committed before the enforcing statute took effect, is not a ground of immunity, since under section 187 of such code where no procedure is expressly prescribed in the statute for the removal of an attorney, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the code, and the provisions of section 289 are applicable to such an accusation.

[6] Id.—Moral Turpitude—Procedure.—Where the facts alleged in an accusation for the disbarment of an attorney show moral turpitude, dishonesty, or corruption in violation of the duties of an attorney and committed in the practice of his profession, he may be proceeded against under either subdivision 2 or under subdivision 5 of section 287 of the Code of Civil Procedure, and under the former subdivision there is no limitation upon the power of the court to entertain a motion for the removal or suspension of an attorney.

[7] Id.—Accusation by Organized Bar Association—Verification on Information and Belief—Constitutional Law.—The amendment to section 291 of the Code of Civil Procedure, which permits the verification to an accusation for the disbarment of an attorney to be made on information and belief when the accusation is presented by an organized bar association, is not special legislation within the meaning of subdivision 19 of section 25 of article IV or of section 21 of article I of the constitution.

[8] Id.—Nature of Disbarment Proceeding—Evidence—Taking of Depositions.—A disbarment proceeding is not one *quasi* criminal in its nature, but is a special proceeding, and the rule for taking depositions therein is directly covered by section 2021 of the Code of Civil Procedure.

6. Power of courts to disbar attorneys, notes, 45 Am. St. Rep. 71; 5 Ann. Cas. 990; 15 Ann. Cas. 419.

[9] ID.—JUDGMENT OF DISBARMENT—CONFLICT OF EVIDENCE—APPEAL. A judgment of disbarment will not be disturbed on appeal, although the evidence is conflicting, if it is sufficient to support the judgment.

APPEAL from a judgment of the Superior Court of San Diego County. J. P. Wood, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Albert Schoonover and Sweet, Stearns & Forward for Appellant.

Harrison G. Sloane, Fred E. Lindley and Albert J. Lee for Bar Association of San Diego.

HOUSER, J.—On the first count, the third count, and the fourth count of an accusation against him, A. J. Morganstern was found guilty of violation of his duty as an attorney and counselor at law and of moral turpitude, dishonesty, and corruption, following which, by a judgment of the court, his permanent disbarment was ordered.

On the first count of the accusation it appears that appellant, acting as an attorney, was representing one Lewis H. Gilman, who was charged with murder; that under an agreement with Agnes Gilman, the wife of said defendant, appellant received from her seven railroad bonds which were to be hypothecated as security for a loan of $5,000 to be used by appellant for the purpose of paying all legal and other expenses in connection with the case against Lewis H. Gilman; that appellant procured the loan, but later sold the said railroad bonds for $5,690, with the understanding, as between him and Mrs. Gilman, that the difference between the loan and the amount received on the sale of the bonds, to wit, the sum of $690, was to be deposited in a bank to the credit of Agnes Gilman; that appellant neither deposited the $690 to Mrs. Gilman's credit nor paid to her any part thereof; that thereafter, and at a time when Mrs. Gilman was under stress of great sorrow, weak in health and mind, and in a constant state of agitation and worry over the situation of her husband, appellant, taking advantage of her necessities, represented to her "that Lewis

H. Gilman's neck was in danger'' and that in order to secure his acquittal it would be necessary that $2,000 additional be furnished for the purpose of getting control of the jury which would try Lewis H. Gilman, and thereby appellant induced Mrs. Gilman to mortgage her home, which she did, and thereafter delivered $1,800 to appellant; that the $1,800 was not received by appellant for any proper expenditure in connection with the defense of Lewis H. Gilman, but that at all times appellant intended to and he did use the said sum of $1,800 for his own benefit; that the aggregate of said sums so received by appellant from Mrs. Gilman was grossly excessive and was wholly disproportionate to any service to be rendered or any needs or exigencies of the case and to the ability of either the defendant or Mrs. Gilman to pay, all of which was well known by said appellant at the time.

The third count of the accusation, in substance, charges appellant with having collected $100 from a client for the purpose of making a deposit on an order for a court reporter's transcript of testimony to be used on an appeal for said client; that appellant converted the $100 to his own use, and for a period of over two months appellant fraudulently failed to deliver the $100 to the court reporter, and by reason thereof the client lost his right of appeal.

By the fourth accusation appellant is charged with having filed with the court his own false affidavit which was intended to be and was used by him for the purpose of deceiving and misleading the judge of the court in connection with his motion that his client be relieved from ''excusable neglect'' in permitting his right of appeal to lapse in the same action in which, under count three of the accusation, appellant was charged with having misappropriated the sum of $100.

[1] Mr. Morganstern appeals from the judgment and attacks the sufficiency of the accusation, first, because, instead of the accusation being presented by ''a regularly organized bar association,'' as provided by section 291 of the Code of Civil Procedure (as amended by Stats. 1921, p. 100, sec. 3), the Lawyers' Institute of San Diego, a corporation, appears as the accusing party. The statute referred to merely provides that the accusation may be presented by an organized bar association, without specifying

whether it shall be incorporated or unincorporated; and the fact that the accuser was a corporation instead of an unincorporated association did not place it outside the terms of the statute. **[2]** Counsel for appellant also contend that the corporation was acting in excess of its powers in the premises. Its articles of incorporation disclose that the purposes for which it was formed include the following:

"To co-operate with and supplement the present Bar Association, and to supply an agency whereby their ideals may be made effective in daily practice.

"To maintain a standard, through the careful selection and supervision of its members, which will enable the public to employ such members professionally with full faith in their diligence and integrity."

While the statement of such purposes contains no express provision with reference to instigating or instituting actions in the nature of disbarment proceedings, the expressions "whereby their ideals may be made effective in daily practice," and the declared object of maintaining a certain standard among the members of the bar, are certainly broad enough to include within the implied powers of the corporation the course adopted by the corporation in this proceeding.

**[3]** Further complaint is made that the accusation is neither signed nor verified by the corporation itself, but is signed by E. E. Hubbell as president, and by Harrison G. Sloane as assistant secretary, in behalf of the accuser, and that it is verified by E. E. Hubbell, not in his individual capacity, but also in behalf of said accuser. There is nothing in the statute which requires that the accusation be signed by either the corporation, or by any association, or, indeed, by any person. Section 290 of the Code of Civil Procedure requires only that the accusation be in writing, and section 291 of the Code of Civil Procedure provides that the verification, when presented by an organized bar association, may be made on information and belief. **[4]** The form of the verification annexed to the accusation, so far as is here material, is that affiant "has been informed of all the matters therein alleged, and he believes them to be true, and upon such information and belief, states that each and all of the charges therein contained are true." The verification in itself is a sufficient compliance with the

requirements of the statute, and the further objection by
appellant that nothing in the accusation is stated on in-
formation and belief, is beside the point that the verification
is prejudically defective. The sufficiency of the oath to the
accusation must be determined solely from an inspection of
the verification. (*In re Collins,* 147 Cal. 11 [81 Pac. 220].)

[5] Appellant claims immunity because of the asserted
fact that he was accused under subdivision 5 of section 287
of the Code of Civil Procedure—his reason being that al-
though said subdivision was enacted in 1911, it was not
until after June 29, 1921, that any direct method of pro-
cedure was provided by statute for enforcing that particu-
lar subdivision, and that the acts of which he is accused
were committed before the enforcing statute took effect.
In a matter of this nature the court is not authorized to
disbar or suspend an attorney for the commission of acts
not included within the terms of the statutes governing
such proceedings. (*In re Collins,* 147 Cal. 11, 13 [81 Pac.
220].) The statute (sec. 287, Code Civ. Proc.) containing
both subdivisions 2 and 5 thereof, under which the accusa-
tion here is based, was passed long before the time when it
is alleged appellant committed the various acts set forth
in the accusation herein. While the question of the force
of statutes subsequently passed for the purpose of providing
the necessary procedure when acting under the provisions
of subdivision 5 of section 287 of the Code of Civil Pro-
cedure is presented by counsel for appellant under the con-
tention that such a law would be *ex post facto* and conse-
quently of no validity as to appellant's case here, it has
been held in a disbarment proceeding that where, under the
provisions of section 187 of the Code of Civil Procedure,
no procedure is expressly prescribed in the statute for the
removal of an attorney, any suitable process or mode of
proceeding may be adopted which may appear most con-
formable with the spirit of the code. (*Barnes* v. *District
Court of Appeal,* 178 Cal. 504 [173 Pac. 1100].) In the
instant case the procedure adopted was that indicated by
the provisions of section 289 of the Code of Civil Procedure,
as applicable to all the different subdivisions of section 287
of the Code of Civil Procedure (with the exception of sub-
division 1 thereof), as section 289 of the Code of Civil Pro-
cedure read prior to the amendment thereof in 1921 (Stats.

1921, p. 99, sec. 2). Certainly the adoption of such procedure was "most conformable with the spirit of the code." Moreover, it appears that it is alleged in each of the five counts of the accusation against appellant that the acts with which he was charged were in violation of subdivision 2 of section 287 of the Code of Civil Procedure—such allegation in each count being "that A. J. Morganstern has been, and now is, guilty of violation of his duty as such attorney and counselor at law in the following particulars, to wit." As heretofore set out, the court found in identical language with the charging clause of the accusation and, in addition thereto, that he was "guilty of moral turpitude, dishonesty and corruption." Also, that all of the allegations of the first, third, and fourth counts of the accusation were true. That the alleged acts also constituted moral turpitude, dishonesty, or corruption, in the language of subdivision 5 of section 287 of the Code of Civil Procedure, do not necessarily place the accusation as falling solely under that particular subdivision. [6] Where, as here, the alleged acts are such that they show moral turpitude, dishonesty, or corruption in violation of his duties as an attorney and counselor and committed in the course of the practice of his profession, he may be proceeded against under either subdivision 2 or under subdivision 5 of section 287 of the Code of Civil Procedure. Under subdivision 2 of section 287 of the Code of Civil Procedure, there is no limitation upon the power of the court to entertain a motion for the removal or suspension of an attorney. (*Ex parte Tyler,* 107 Cal. 83 [40 Pac. 33]. And see *Disbarment of Danford,* 157 Cal. 425 [108 Pac. 322]; *In re Treadwell,* 67 Cal. 353 [7 Pac. 724]; *Disbarment of Wharton,* 114 Cal. 367 [55 Am. St. Rep. 72, 46 Pac. 172].)

[7] It is contended that the amendment to section 291 of the Code of Civil Procedure, which permits the verification to the accusation to be made on information and belief when the accusation is presented by an organized bar association, is special legislation and consequently void under the provisions of subdivision 19 of section 25 of article IV, as well as by the provisions of section 21 of article I of the California constitution.

The statute very clearly provides that when an accusation is presented by a particular class, to wit, an organized bar

association, the procedure for the verification of the accusation shall be different from that required when an accusation is presented by any other class or by an individual. There is no attempt in the statute to divide the bar associations into incorporated or unincorporated associations, or to make any other distinction among them. They are all grouped together into one great class, and the rule is that a law will be held to be general and not special which applies uniformly to all persons included within a class which is founded upon some reasonable and natural or intrinsic distinction. (*City of Pasadena* v. *Stimson,* 91 Cal. 251 [27 Pac. 604]; *Darcy* v. *Mayor of San Jose,* 104 Cal. 642 [38 Pac. 500]; *Rode* v. *Siebe,* 119 Cal. 521 [39 L. R. A. 342, 51 Pac. 869]; *Deyoe* v. *Superior Court,* 140 Cal. 481 [98 Am. St. Rep. 73, 74 Pac. 28]; *Ex parte King,* 157 Cal. 164 [106 Pac. 578].) There is good reason for the distinction made in the statute and a most natural one. Bar associations exist wherever groups of lawyers are to be found. It is the case with most bar associations, as with the one involved in this proceeding, that one of the purposes of their organization is ''to supply an agency whereby their ideals may be made effective in daily practice.'' One of the ideals of lawyers is to maintain a standard which will insure to the public honesty and fair dealing in its transactions with members of the bar, and in order to do so it is necessary that a wholesome supervision should be exercised. Complaints of professional misconduct of any lawyer in a given community are usually referred to the bar association of that particular place and if, upon investigation, the facts appear to warrant action in the courts, proceedings for disbarment are instituted. Far from having a personal knowledge of all the facts in a given case, no member of the bar association may have personal knowledge of any relevant fact going to make up the charge against the accused. The bar association as an entire body, as well as each individual member thereof ordinarily has no direct knowledge other than such as it or he may have acquired through hearsay communication. It is, therefore, eminently proper that, depending upon what appears to be reliable information, any member of the association, or, indeed, any other person, should be permitted to verify the accusation on ''information and belief.'' Such may have been some of the reasons

existing in minds of the legislators of this state when the
statute in question was passed. As is stated in *Ex parte
King, supra,* the question is one primarily for the legisla-
ture to determine, and that it is reasonable to assume that
the legislature, in creating the class, had reasons therefor
which were good and sufficient in themselves. It is only
when it clearly appears that there was no sufficient reason
for making a distinction that a court will be warranted in
adjudging the act void. (*Grumbach* v. *Lelande,* 154 Cal.
684 [98 Pac. 1059].) It follows that, no substantial reason
being shown why the legislature should not have created
bar associations as a class, nor why an accusation presented
by a bar association should not be verified on information
and belief, the statute of which complaint is made is not
special legislation within the meaning of the sections of the
state constitution to which reference has been made.

The next reason assigned by appellant for a reversal of
the judgment relates to an amendment to the first accusa-
tion in the pleadings. It appears that after the case had
been tried and coincident with the entry of judgment it was
ordered by the court that the amendment to which objection
is now taken be filed. Counsel complain that the amend-
ment presented an entirely different cause of action from
that originally filed against appellant, and that before the
filing of the amendment appellant had no notice that he
was charged with the commission of any of the acts or of-
fenses set forth in the amendment. The record is silent as
to any objection ever having been taken to the filing of the
amendment; but the record does disclose the fact that the
issues presented by the amendment were fully met by appel-
lant by evidence adduced at the trial. The case, so far as
that feature was concerned, was fairly tried, and conse-
quently appellant was in nowise injured by reason of an
amendment which conformed to the proof.

[8] An objection by counsel for appellant to the "gen-
eral manner of proceedings" herein, and especially direct-
ing attention to the fact that a motion was granted by the
court permitting the taking of the deposition of appellant
and other witnesses preceding the trial, on the ground that
a disbarment proceeding is *quasi* criminal in its nature and
consequently that appellant was entitled to be confronted by
the witnesses and to cross-examine them, is next to be con-

sidered. The record shows that there was no restriction placed upon counsel with reference to the cross-examination of the witnesses whose depositions were taken, and that appellant was accorded and that he availed himself of every right in that regard which he would have possessed had the examination been in open court. There is nothing in the statutes to which attention has been directed which would indicate that a matter in disbarment is other than a special proceeding, and assuming it to be such, the rule for taking depositions therein is directly covered by section 2021, of the Code of Civil Procedure. In cases in which the nature of a disbarment proceeding is involved, or where the right to take depositions on the part of the relator in such a proceeding have been brought in question, the opinion of the court has been against appellant's contention. In a matter entitled *In re Wellcome,* 23 Mont. 259 [58 Pac. 711], it is held that a proceeding in disbarment is not a criminal action; that under the statute (nearly identical with ours), which provides that the testimony of a witness out of the state may be taken by deposition in an action at any time after service of summons or the appearance of the defendant, and in a special proceeding at any time after a question of fact has arisen therein, the deposition of a witness may be taken in a disbarment proceeding, and that a disbarment proceeding must be classified as a special proceeding. And see also the following cases: *Matter of Mathot,* 222 N. Y. 948 [117 N. E. 948]; *In re Spencer,* 137 App. Div. 330 [122 N. Y. Supp. 190]; *State* v. *Mosher,* 128 Iowa, 82 [5 Ann. Cas. 984, 103 N. W. 106]; *In re Burnette,* 73 Kan. 609 [85 Pac. 575]; *In re Morrison,* 43 S. D. 185 [178 N. W. 732]. Relying upon the foregoing authorities, this court is of the opinion that a disbarment proceeding is a special proceeding within the provisions of our statute, and that the depositions of witnesses may be taken therein on the part of the prosecution.

[9] It is insisted that the judgment is not in accordance with the evidence; but it is the rule that where the evidence is sufficient, even though there be a conflict therein, the appellate court will not interfere with the judgment. That is a matter which is exclusively within the province of the trial court. (*Disbarment of Cruickshank,* 47 Cal. App. 496 [190 Pac. 1038]; *Matter of Danford,* 157 Cal. 429 [108 Pac.

322]; *In re Morton,* 179 Cal. 513 [177 Pac. 453].) From an examination of the record herein this court is convinced that the evidence adduced, though conflicting, was sufficient to support the judgment.

No prejudicial error appearing, the judgment is affirmed.

Conrey, P. J., and Curtis, J., concurred.