In the Matter of HUMPHREY J. LYNCH, an Attorney, Respondent.

First Department, January 30, 1930.

*Isidor J. Kresel* [*F. Sims McGrath* of counsel], for the petitioners.

*Wellman, Smyth & Schofield* [*Herbert C. Smyth* and *Rider C. Wellman* of counsel], for the respondent.

DOWLING, P. J.   The respondent was admitted to practice in the Appellate Division, Second Department, in July, 1905.

He is charged in the petition herein with:

(1) Solicitation of negligence cases;

(2) The employment of persons not members of the bar to solicit and procure for him contracts and retainers from persons injured in accidents, and paying or promising to pay them compensation for such services;

(3) The promising and giving valuable considerations to persons not members of the bar for inducing persons injured in accidents to retain him as their attorney;

(4) The employment of one Bernard M. Wood, not a member of the bar, to solicit retainers for him from persons injured, and the payment or promising to pay said Wood compensation for such services.

All the acts complained of under these four counts occurred prior to May, 1925.

The respondent having answered, the matter was referred to a referee to take proof and report thereon to this court. A most voluminous record is now presented to us, consisting of nearly 1,100 pages and almost 500 exhibits. The learned referee, who presided over the hearings with the utmost impartiality and judicial discretion, giving the widest possible latitude to the efforts of the petitioners and their learned counsel to produce evidence in support of their charges, has made a very full and satisfactory report to this court, in which he analyzes in detail the condition of the record as to each charge made and sought to be substantiated. Accompanying the report is an opinion in which he still further discusses the evidence and gives the reasons which impelled him to the conclusion which he has reached, and so reports to this court that the petitioners have failed to meet the burden of proof of establishing these charges by a fair preponderance of satisfactory evidence, and that respondent is entitled to an unqualified dismissal of the charges, and he so recommends.

We have examined the record and agree with the conclusion reached by the learned referee. It would serve no useful purpose to reiterate herein his summary statement of the salient points

of the evidence, or his estimate of the value to be given to the testimony which he has judiciously appraised. Suffice it to say that we find no satisfactory evidence of any violation of law or of the Code of Professional Ethics by respondent. He appears to have been unusually successful as a trial lawyer in both the State and Federal courts, and to have gained a reputation as such, extending even to neighboring States, which brought business to him without the necessity of soliciting it by unprofessional means. His standing at the bar is certified to by an unusual array of distinguished jurists. The diligence and earnestness of the learned counsel for the petitioners have been exercised to the fullest in an effort to obtain convincing proof of respondent's improper practices, but despite their meticulous and searching examination of respondent's clients before 1925, these efforts have remained barren of results.

The trial counsel for petitioners, who so ably conducted this proceeding, was embarrassed by the death of Bernard M. Wood, who was an investigator for an attorney named Stephen A. Macheinski, for whom respondent tried cases, and whose services had been placed at the disposal of the latter by Macheinski in the cases the last named had turned over to respondent to try. For thirteen months (up to May 1, 1921) Wood was in respondent's own employ. Wood testified against respondent in the course of the investigation before Mr. Justice WASSERVOGEL, but died between that time and the beginning of the hearings in this proceeding. The only question of law presented on this motion is the propriety of the exclusion of the testimony of Wood given in the course of the investigation, which petitioners sought to introduce in evidence in the hearings herein, but which was excluded by the referee.

In so holding we believe the learned referee was right. Counsel for petitioners cites, and relies upon, the opinion of this court in *Matter of Spencer* (137 App. Div. 330) and holds that under it this court is at liberty to take any testimony it desires, as it is not bound by any statutory regulations in the conduct of disciplinary proceedings, and " the regulations governing the trial of a criminal action or proceeding are not made applicable to a proceeding to disbar an attorney." He admits in his brief that " the Court of Appeals has stated several times that only common-law evidence is admissible in disbarment proceedings," but says " that these statements are binding upon this court seems open to question."

It is, of course, settled that a disbarment proceeding is not a criminal proceeding, in any sense of the term; that inferences against a respondent may be drawn by his failure to deny or explain testimony of which he has knowledge charging him with unpro-

fessional conduct, and that the measure of proof required to warrant a disbarment is not at all the same as in a criminal case. (*Matter of Randel*, 158 N. Y. 216, and *Matter of Spencer, supra.*)

But the Court of Appeals has only recently declared that disbarment proceedings are governed by the rules of common-law evidence (*Matter of Kaufmann*, 245 N. Y. 423). Under the common law, the provision of section 348 of the Civil Practice Act (in its earlier enactments), that where a witness has testified upon a former trial or hearing and has since died, his testimony may be read in evidence, has been held to be inapplicable and the testimony to be inadmissible where the party against whom it is offered has not had the right of cross-examination. (*Young* v. *Valentine*, 177 N. Y. 347; *Morley* v. *Castor*, 63 App. Div. 38; *Cook* v. *N. Y. Central R. R. Co.*, 5 Lans. 401.)

The motion to confirm the report of the referee should be granted and the proceedings dismissed.

MERRELL, FINCH, McAVOY and PROSKAUER, JJ., concur.

Proceedings dismissed.