In the Matter of HAROLD S. YOUNG, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 15, 1954.

*Frank H. Gordon* for petitioner.

*Harold S. Young,* respondent in person.

*Per Curiam.* Respondent is charged with professional misconduct in converting to his own use the sum of $8,600. The record discloses that in October, 1946, an Italian national residing in France, retained respondent to collect for him various sums of money due from persons in this country.

In November, 1946, respondent in his own handwriting confessed that he " unduly appropriated the amount of $8600 " which he had been retained to collect. Respondent urges that he signed and delivered this admission to his client under circumstances amounting to duress and coercion. Before the learned Referee, to whom the charges were referred, he claimed that the moneys were not converted but were used by him in accordance with his client's oral instructions as an investment in a gold mining venture, by way of a loan to respondent which his client could if he wished convert into an investment. The effect of this arrangement allegedly made in June, 1948, if believed, constituted a change from an attorney-client relationship between respondent and client to a debtor-creditor or principal-agent relationship.

Respondent here seeks elimination of the testimony of his client, Victor Alfandari, complaining witness, upon the ground that respondent was not afforded an opportunity of cross-examining this witness.

It has been held that a disciplinary proceeding is in " no sense a criminal proceeding ". (*Matter of Randel,* 158 N. Y. 216, 219.) It follows therefore that the requirements of confrontation and compliance with the rules designed to safeguard the rights of an accused in a criminal matter do not apply. This court has so held in *Matter of Spencer* (137 App. Div. 330).

In the *Spencer* case, we said (p. 331) : " It is apparent that the testimony of the person to whom the respondent alleges he paid this money is necessary to enable the court to determine the question at issue; and if the court has no power to issue a commission to take this testimony, the proceeding will necessarily fail. The question is of much importance, as in many cases attorneys in New York are retained by clients outside of the State, and if the control of the court over its attorneys must depend upon witnesses who can be found in this State it will be impossible in many cases to properly determine the proceedings. If witnesses to prove such misconduct are not within the State, so that their attendance can be secured upon a hearing, all that the attorney has to do is to confine his misconduct to those cases where his clients or the witnesses who can prove the facts necessary to establish the misconduct are not residents of the State, or whose attendance cannot be procured by subpœna, and the court is powerless to act. It would appear that the power to issue a commission in such a case must exist if the court is to retain its control over its attorneys."

Spencer was subsequently disbarred (143 App. Div. 229, affd. 203 N. Y. 613).

In the proceeding now before the court, the bar association sought to obtain the testimony upon written interrogatories, as was done in the *Spencer* case. This court ordered that the testimony be taken by open commission because of respondent's objection that written interrogatories would not afford him an opportunity for a proper cross-examination. The order directed the bar association to pay all expenses involved in the taking of the deposition except those of respondent or his counsel. Respondent now claims that neither he nor his counsel attended the examination in France because of lack of funds. Assuming this to be true, the fact is that this court was unaware of his financial condition. He could have moved to resettle the order, but he did not do so, nor did he move to suppress the deposition after it was returned.

Respondent may not be heard at this late stage to complain that he was deprived of the opportunity of cross-examining his client. He objected to the taking of the testimony by written interrogatories and did not avail himself of the opportunity afforded him by the order of this court directing that the testimony be taken by open commission. Moreover, even if the testimony of the client were to be disregarded, the documentary evidence in the case clearly indicates that the defense offered by respondent was incredible.

The Referee who had the opportunity of seeing and hearing the witnesses and who also had the benefit of documentary evidence, has found that respondent misappropriated a large sum of money belonging to his client, and that the explanation offered by respondent was fabricated. A reading of the record is persuasive that his conclusions are correct.

We find no circumstances that would tend toward mitigating the conduct of respondent. In the circumstances, he should be disbarred.

PECK, P. J., DORE, COHN, BREITEL and BASTOW, JJ., concur.

Respondent disbarred.