[No. 20281.   Department One. — February 25, 1887.]

IN THE MATTER OF JOHN LINEHAN, ON HABEAS CORPUS.

MUNICIPAL CORPORATION — POLICE REGULATION — PROHIBITING KEEPING OF COWS IN SAN FRANCISCO. — The city and county of San Francisco has power, under section 11 of article 11 of the constitution, and the act of April 25, 1863, to enact an ordinance prohibiting the keeping of more than two cows within certain portions of the city limits.

APPLICATION for a writ of *habeas corpus.* The facts are stated in the opinion.

*Davis Louderback,* for Petitioner.

*George D. Shadburne,* and *E. B. Stonehill,* for Respondent.

SEARLS, C. — The petitioner, John Linehan, was convicted in the Police Judge's Court of the city and county of San Francisco, upon a complaint charging him with keeping more than two cows within certain limits in said city and county, in violation of order No. 1587 of the board of supervisors of said city and county, as amended by order No. 1705. A fine was imposed upon defendant, and in default of payment thereof he was adjudged to be imprisoned, etc. He appealed to the Superior Court, where the judgment was affirmed, and upon the return of the *remittitur* he was committed in default of payment, and being in custody sues out this writ.

Section 1 of said order is as follows:—

"Sec. 1. Any person violating any of the provisions of this order shall be deemed guilty of a misdemeanor, and be punished by a fine not exceeding one thousand dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment."

Section 63, as amended, reads as follows: —

"Sec. 63. No person or persons shall keep or cause to be kept any swine whatsoever, nor more than two cows,

within that portion of the city and county of San Francisco bounded as follows: Commencing at the intersection of Lombard Street with the waters of the bay, thence along Lombard Street to Broderick Street, thence southerly along Broderick Street to Waller Street, thence easterly along Waller Street to Devisadero Street, thence southerly on Devisadero Street to Ridley Street, thence easterly on Ridley Street to Castro Street, thence southerly on Castro Street to Seventeenth Street, thence westerly on Seventeenth Street to Douglass Street, thence southerly on Douglass Street to Twenty-sixth Street, thence easterly on Twenty-sixth Street to Harrison Street, thence northerly along Harrison Street to Channel Street, thence along Channel Street to the waters of the bay, thence following the water-front and waters of the bay to the point of commencement."

Under our constitution, "any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws." (Art. 11, sec. 11.)

By an act of the legislature of the state of California, entitled "An act to confer further powers upon the board of supervisors of the city and county of San Francisco," approved April 25, 1863, it is provided that the board of supervisors shall have power, by regulation or order, among other things,—

"To authorize and direct the summary abatement of nuisances; to make all regulations which may be necessary or expedient for the preservation of public health and the prevention of contagious diseases. . . . . To prohibit and suppress or exclude from certain limits or to regulate all occupations, houses, etc., . . . . which are against good morals, contrary to public order and decency, or dangerous to the public safety."

Here, then, we have as authority for the proceedings of which petitioner complains:—

1   The provision of the constitution authorizing the

city and county to make and enforce such local, police, sanitary, and other regulations as are not in conflict with general laws.

2. The statute from which we have quoted, expressly authorizing the board of supervisors to regulate or exclude occupations, etc., detrimental to good morals or contrary to order, etc., or dangerous to the public safety; and,—

3. The order or ordinance against keeping more than two cows within certain portions of the city, for the violation of which defendant was convicted.

Subject to constitutional limitations, legislative authority extends to the suppression or regulation of those things which are hurtful to the general good, and as a general rule, the law-making power will be deemed the exclusive judge of what is or is not hurtful. (*Ex parte Andrews*, 18 Cal. 679.)

The necessity of legislation to restrict the unlimited herding of swine and cows in thickly populated districts is too apparent to need argument.

Keeping swine or cows is, or may be, an occupation; and within certain limits, may be detrimental to health and dangerous to the public safety.

We suppose these animals are kept in large numbers, not for the company, but for the profit they afford, and when so kept, it is a business, an occupation, equally with any other.

There is no constitutional question involved in this case which has not been in effect and principle passed upon heretofore by this court. (*Ex parte Heilbron*, 65 Cal. 609; *Ex parte Shrader*, 33 Cal. 279; *Ex parte Smith & Keating*, 38 Cal. 702; *Ex parte Casinello*, 62 Cal. 538; *Johnson* v. *Simonton*, 43 Cal. 242; *Ex parte Andrews*, 18 Cal. 679.)

We deem the reasoning in these cases conclusive of the several positions assumed on behalf of the petitioner here, and are of opinion the prayer of the petition should

be denied, and the petitioner remanded to the custody of the chief of police.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the petitioner is remanded.