## Ex Parte JAMES LACEY.

MUNICIPAL CORPORATIONS—POLICE POWER—CONSTITUTIONAL LAW.—The grant of police power made by article XI, section 11, of the constitution, which provides that any county, city, town, or township may make and enforce, within its limits, all such local, police, sanitary, and other regulations as are not in conflict with general laws, is direct, broad, and far-reaching, and includes the right to pass any ordinance not conflicting with the general laws of the state, and not violative of the general principles of constitutional liberty.

ID.—MUNICIPAL ORDINANCE — LIMITING USE OF STEAM CARPET-BEATING MACHINES.—A city ordinance prohibiting the establishment or conducting of any steam shoddy machine, or steam carpet-beating machine, within one hundred feet of any church, schoolhouse. residence, or dwelling-house, is a proper exercise of the police and sanitary power of the city, and violates no constitutional rights.

ID.—REGULATION OF BUSINESS NOT A NUISANCE PER SE.—It is not necessary to the exercise of the police power in regulating a business that it shall constitute a nuisance *per se;* but the power to regulate or prohibit conferred upon the board of supervisors not only includes nuisances, but extends to every thing expedient to be regulated or prohibited for the preservation of the public health or general welfare.

ID.—CONCLUSIVENESS OF POLICE REGULATION. — To the extent that it is material in creating a valid ordinance passed under the power of police and sanitary regulation, it must be assumed that questions of fact calling for the exercise of the police power were determined by the municipal authorities, and the correctness of their determination as to matters of fact is not open to inquiry, by way of defense, to a prosecution under the ordinance.

ID.—DUE PROCESS OF LAW—COMPENSATION.—Where the court can see that a municipal ordinance fixing limits within which a disagreeable business may be exercised has in fact some relation to the public health, and that it is appropriate and adapted to that end, it cannot be urged that the ordinance deprives the owner of his property without due process of law, or without compensation.

HEARING in the Supreme Court upon a writ of habeas corpus, to secure a discharge from a judgment of imprisonment of the Police Court of the City of Los Angeles.

The facts are stated in the opinion of the court.

*D. P. Hatch,* for Petitioner.

The ordinance is unconstitutional. (Art. I, secs. 1, 11, 13, 21.) It is an arbitrary exercise of police power,

and void. (*Ex parte Sing Lee*, 96 Cal. 354; 31 Am. St. Rep. 218; 15 Am. & Eng. Ency. of Law, 1178; *Denver v. Mullen*, 7 Col. 345; *State v. Mott*, 61 Md. 297; 48 Am. Rep. 105.) The question as to whether the conducting of the business complained of is a nuisance or not is a question of fact to be determined by the jury or court, and not by the city council. (*People v. Davidson*, 30 Cal. 379; *People v. Park etc. R. R. Co.*, 76 Cal. 156; *Requena v. Los Angeles*, 45 Cal. 55; *Blanc v. Klumpke*, 29 Cal. 156.)

*City Attorney C. McFarland*, for the People.

The ordinance is a valid exercise of police power· (Const.; art. XI, sec. 11; Dillon on Municipal Corporations, 4th ed., sec. 141; *Slaughter-House Cases*, 16 Wall. 36, 62; *Fertilizing Co. v. Hyde Park*, 97 U. S. 659; *Phalen v. Virginia*, 8 How. 163; *Beer Co. v. Massachusetts*, 97 U. S. 25; *Ex parte Heilbron*, 65 Cal. 609; *Ex parte Shrader*, 33 Cal. 279.)

GAROUTTE, J.—The petitioner has been convicted and imprisoned for violating a city ordinance of the city of Los Angeles, which provides: " No person or persons shall establish or conduct any steam shoddy machine, or steam carpet-beating machine, within one hundred feet of any church, schoolhouse, residence, or dwelling-house." He now alleges the judgment void upon the ground that the ordinance is void, and seeks his release by writ of habeas corpus. He claims the ordinance void upon the ground that it interferes with certain of his inalienable rights vouchsafed to him by the constitution. Upon the part of the city it is claimed that the passage and enforcement of the ordinance is but the exercise of a police power granted to it in terms by the constitution of the state.

The constitution of the state of California, article XI, section 11, provides: "Any county, city, town, or township may make and enforce, within its limits, all such local, police, sanitary, and other regulations as are

not in conflict with general laws." It will thus be observed that Los Angeles city is vested with certain powers by direct grant from the constitution, and that grant of power is not confined within narrow limits, but is broad and far-reaching in its scope and effect. Under this grant of power the city had the right to pass this ordinance, unless it is in conflict with general laws; and we know of no general laws which conflict with it, unless it can be said to be violative of those general principles of constitutional liberty which form the very foundation of both state and federal constitution. We see nothing in the language of this ordinance contrary to these great principles of our government. We see nothing there depriving petitioner of any fundamental right. In the exercise of its police and sanitary power the city has attempted to regulate the business of beating carpets by steam-power. Under its constitutional grant it had the right to regulate this business. The use of steam-power of itself within municipal territory has always been recognized as a proper subject of regulation; and, in addition here, it may well be assumed that the dust and other disagreeable and unhealthy matters arising in such quantities from the beating of carpets, as would naturally be indicated by the use of steam-power, are a constant source of danger and menace to the good health and general welfare of the neighborhood where located.

Conceding the business covered by the provisions of this ordinance not to constitute a nuisance *per se,* and to stand upon different grounds from powder factories, street obstructions, and the like, still the case is made no better for petitioner. This is not a question of nuisance *per se,* and the power to regulate is in no way dependent upon such conditions. Indeed, as to nuisances *per se,* the general laws of the state are ample to deal with them. But the business here involved may properly be classed with livery stables, laundries, soap and glue factories, etc., a class of business undertakings in the conduct of which police and sanitary regulations are made to a

greater or less degree by every city in the country. And in this class of cases it is no defense to the validity of regulation ordinances to say: " I am committing no nuisance, and I insist upon being heard before a court or jury upon that question of fact."

In this class of cases a defendant has no such right. To the extent that it was material in creating a valid ordinance, we must assume that such question was decided by the municipal authorities and decided against petitioner and all others similarly situated. This court said in *Ex parte Shrader*, 33 Cal. 284: "The legislature can add to the *mala in se* of the common law the *mala prohibita* of its own behest. . . . . The power to regulate or prohibit conferred upon the board of supervisors not only includes nuisances but extends to every thing expedient for the preservation of the public health and the prevention of contagious diseases. Now, there are many things not coming up to the full measure of a common-law or statute nuisance that might, both in the light of scientific tests and of general experience, pave the way for the introduction of contagion and its uncontrollable spread thereafter. Slaughterhouses, as ordinarily, and perhaps invariably, conducted in this country, might within the limits of reasonable probability be attended with these consequences. A competent legislative body has passed upon the question of fact involved, and we cannot go behind the finding. So far as we can know by this record, the power conferred has been exercised intelligently and in good faith." It must be borne in mind that the court was not discussing this question from the standpoint that the conduct of a slaughterhouse within municipal territory constituted a nuisance *per se*. And in the case of *Johnson* v. *Simonton*, 43 Cal. 249, which involved the constitutionality of an ordinance of the board of supervisors of San Francisco, prohibiting the feeding of still slops to milch cows, the court says: " If, indeed, it be a fact that the milk of cows fed in whole or in part upon still slop is unwholesome as human food, there can be

no doubt of either the authority or the duty of the board to enact the ordinance in question, and the scientific correctness of the .determination by the board of the matter of fact involved ·is not open to inquiry here."

In the case of *In re Jacobs*, 98 N. Y. 98, 50 Am. Rep. 636, the court declares the following rule for testing the validity of ordinances enacted under the police power of a municipality: "When a health law is challenged in the courts as unconstitutional on the ground that it arbitrarily interferes with personal liberty and private property, without due process of law, the courts must be able to see that it has at least, in fact, some relation to the public health; that the public health is the end naturally aimed at, and that it is appropriate and adapted to that end." Tried by this rule the ordinance in question fairly and fully fills the requirements of the law. Neither can it be urged that petitioner is deprived of his property without due process of law, for, as is said by Judge Dillon in his work upon Municipal Corporations, section 141, in speaking of police and sanitary regulations: "It is well settled that laws and regulations of this character, though they may disturb the enjoyment of individual rights, are not unconstitutional, though no provision is made for compensation for such disturbances. They do not appropriate private property for public use, but simply regulate its use and enjoyment by the owner. If he suffers injury it is either *damnum absque injuria*, or in the theory of the law he is compensated for it by sharing in the general benefits which the regulations are intended and calculated to secure."

This ordinance is not unreasonable nor arbitrary nor discriminating. It treats all persons alike who are engaged in the business named therein. All have the same rights, and all are subject to the same burdens. It is not unreasonable in the limits of distance fixed. As to the location of the exact spot distant from a church or·a schoolhouse or a dwelling-house, where an

ordinance would cease to be reasonable, it is not for this court now to say. The limits here prescribed are those with which we are to deal, and those limitations of distance may well be said to be reasonable. We see no substantial objection that can be made to the validity of this ordinance. Upon the contrary, the subject matter covered by it is clearly one with which the city had the constitutional right to deal, and the businesses there enumerated are unmistakably those which the municipal authorities had the right to regulate in the interest of the comfort and good health of the people of the city. The power is vested in the city by direct grant from the constitution to control and regulate business undertakings of the character here involved, and petitioner's constitutional rights have in no way been trespassed upon.

It is therefore ordered that petitioner be remanded.

McFARLAND, J., HARRISON, J., VAN FLEET, J., and TEMPLE, J., concurred.