[Civ. No. 8245. First Appellate District, Division Two.—March 16, 1932.]

FRANK P. MILLER, Appellant, v. CITY OF ARCADIA (a Municipal Corporation) et al., Respondents.

Arnolld Praeger and Praeger & Biddle for Appellant.

Walter F. Dunn, City Attorney, for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendant municipal corporation, the members of the city council and the chief of police, to obtain a judgment enjoining the defendants from enforcing against him the provisions of a certain ordinance on the ground as he claimed, that the ordinance was unreasonable and violated provisions of the state Constitution and the Fourteenth Amendment of the federal Constitution. The defendants answered and a trial was had before the trial court sitting without a jury. The trial court made copious findings and from the judgment entered thereon the plaintiff has appealed.

Section 1 of the ordinance complained of provides as follows: "That it shall be unlawful for any person, firm or corporation to keep more than three dogs, over the age of six months each, in any place in said city of Arcadia, within two hundred and fifty feet of any dwelling house in use or occupied by human beings other than a dwelling house belonging to the owner of such dogs." Among other things the trial court found that the City of Arcadia is a municipal corporation organized under the general statute as a city of the sixth class; that the property owned by the plaintiff is located in a neighborhood that is sparsely settled; that there are only two houses within 250 feet of plaintiff's property; that said houses were constructed after plaintiff had constructed and erected his kennels for the purpose of keeping dogs; that the plaintiff keeps and maintains substantial kennels and that they are maintained in a clean and sanitary manner and therein are housed more than three dogs over the age of six months; that the chief of police threatens to and will, unless enjoined, arrest the plaintiff; that in the city of Arcadia there is an ordinance prohibiting the keeping of hogs within 1,000 feet of a dwelling, one prohibiting

the keeping of bulls except in a substantial inclosure, one prohibiting fowls and rabbits from running on the premises of others, and one prohibiting the keeping of bees, but there are no other ordinances restricting the keeping of animals or fowls excepting Ordinance 214, which is the ordinance under attack; that the inhabitants to a considerable extent keep chickens, dogs, turkeys, rabbits, horses, goats and some other animals; and that a large portion of the territory embraced within the city limits is devoted to agriculture, horticulture and animal husbandry.

In his brief the plaintiff makes four separate attacks. In points one, two and four he specially relies on the contention that the ordinance is unreasonable. In support of this contention he asserts that if the ordinance is enforced his kennels will be rendered useless and that he will suffer a property loss, but it is settled law that property is held subject to the lawful exercise of the police power. (*Ex parte Quong Wo*, 161 Cal. 220, 228 [118 Pac. 714].) The plaintiff also asserts that there is not " . . . any fathomable reason for placing an age limit of six months beyond which more than three dogs cannot lawfully be kept in any place within . . . " the defendant city. From the mere enactment of the ordinance we must assume that the city council thought otherwise and the question was one falling within its jurisdiction. (*Boyd* v. *City of Sierra Madre*, 41 Cal. App. 520, 527 [183 Pac. 230].) Certainly this court may not as a matter of law rule to the contrary. It is a matter of common knowledge that dogs in pens bark and howl and at mating times are particularly obnoxious in that respect. The police power extended to the preservation of the comfort of the city's inhabitants. (*Boyd* v. *City of Sierra Madre, supra.*) Therefore if this court were entitled to substitute its determination for that of the city council the point must necessarily be ruled against the plaintiff. Because the keeping and maintaining of other animals is not restricted in the same manner, the plaintiff asserts is another reason for holding the ordinance unreasonable; but it has been held that police laws need not necessarily be omnibus. (*In re Hixson,* 61 Cal. App. 200, 214 [214 Pac. 677].) Again, it is contended that because the ordinance in effect creates a zone of which the owner's property is the center and 250 feet is the radius, that the

ordinance is unreasonable. The point is not a new one. It has been ruled against the plaintiff. (*In re Mathews,* 191 Cal. 35, 41 [214 Pac. 981].) Finally, it is claimed that the ordinance is unreasonable because it fixes the number of animals at not " . . . more than three dogs, over the age of six months each. . . . " It has been held that a limitation as to the number of the animals is for the law-making body. (*In re Linehan,* 72 Cal. 114 [13 Pac. 170].) When attempting to eliminate barking, howling, etc., the age of the animals is also clearly within the legislative discretion.

The last point made by the plaintiff is that the ordinance is an arbitrary, unnecessary and unreasonable restriction on the free use of private property and the pursuit of useful activities and is repugnant to the Fourteenth Amendment to the Constitution of the United States. In the case of *In re Flaherty,* 105 Cal. 558, at page 566 [27 L. R. A. 529, 38 Pac. 981, 983], the court said: "But the proposition that a man has a natural, ingrained, inviolate, common law or constitutional right to beat a drum on the traveled streets of a city has no foundation in reason or authority. As, therefore, it is not a right that may not be entirely suppressed, it may be regulated as the law-making power may determine." If the individual may not claim a constitutional right to "beat a drum" in the streets, we think it clearly follows that he may not claim the constitutional right to maintain a pack of dogs which are capable of making a much greater disturbance.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.