[Crim. No. 474. Fourth Dist. Jan. 14, 1943.]

In re M. E. JONES, on Habeas Corpus.

Hugh G. Maddox for Petitioner.

George F. Holden, District Attorney (Orange), Lloyd S. Verry, Deputy District Attorney, and Frank L. Bowman, Deputy County Counsel, for Respondent.

GRIFFIN, J.—Petitioner was tried under a complaint charging a violation of Ordinance No. 366 as amended by Ordinance No. 370 of the county of Orange, in that he did unlawfully engage in and carry on a "Commercial Hog Ranch" without a permit. The ordinance is entitled "An ordinance regulating the operation and location of hog ranches and providing for the issuance of permits for such business in the county of Orange. . . ." Section 2 of the ordinance as amended provides that "it shall be unlawful for any person, firm or corporation to engage in, conduct, manage or carry on a commercial hog ranch, or use any property in the county of Orange for a commercial hog ranch without first having procured a permit therefor from the Board of

Supervisors . . . provided, that any person, firm or corporation, which is and has been operating a commercial hog ranch may make application to the Board of Supervisors' to increase the number of swine to be maintained on such hog ranch to a number in excess of that for which a permit has been granted. . . .'' Section 6 provides in part that the board may ''in the case of a commercial hog ranch, where garbage is not to be fed, issue a permit which may be revocable for cause; and in the case of a commercial hog ranch where garbage is to be fed, the said Board may issue a construction permit for a period of sixty (60) days, pending the installation of feeding and other equipment. When said equipment shall have been installed within said period, such fact shall be transmitted in writing to the County Health officer who shall cause an inspection to be made of said equipment and a general reinspection of the premises. If such inspection shows that satisfactory equipment and conditions exist, the Health Officer shall so report to the Board of Supervisors and said board shall then issue a permit which shall be revocable for cause.''

It appears from petitioner's supplemental petition that on December 3, 1935, the board passed and adopted what is known as a zoning ordinance of that county. Among other things, it classifies certain districts in which the feeding of garbage to hogs is expressly permitted. (§ 17-M-3, Ordinance No. 351.) It was stipulated that petitioner's hog ranch is in an unclassified zone, and that in said unclassified zone the feeding of garbage to hogs is expressly permitted by the zoning ordinance. After conviction on the above-mentioned charge, petitioner seeks this writ of habeas corpus.

It is now argued that ordinance No. 366, as amended, is in direct violation of section 731a of the Code of Civil Procedure; that it is unconstitutional and void for the reasons: (1) that Ordinance No. 366, as amended by Ordinance No. 370, could not declare any buildings or structures erected, set up, built, moved, or maintained, and/or any use of land or property established contrary to the provisions of this ordinance to be a public nuisance, owing to the fact that section 731a, *supra,* prohibits the designation of such uses to be a public nuisance without evidence of the employment of unnecessary and injurious methods in the operation of such uses; (2) because it discriminates unreasonably between persons or associations engaged in the business of feeding garbage to hogs, in this, that those persons who were so en-

gaged in such business prior to the effective date of said act are not required to do the same things under said ordinance as those who subsequently go into such business, or subsequently decide to improve or move their ranch to other locations; (3) that the restrictions placed upon persons who desire to improve or move their ranch, or attempt to establish a new hog ranch in said county, are such that it is impossible so to do; (4) that it compels those who are not in business prior to the effective date of said ordinance to abide by additional requirements with respect to the regulation of such ranch and the manner in which the equipment, feeding floors, etc. are constructed, and with which it would be difficult and expensive, if not impossible, to comply; (5) that if petitioner desires to move his ranch he would be compelled under the ordinance as it now stands or as amended, to expend an enormous amount of money for the construction of the feeding floors, pens, and equipment, which he must do under the ordinance within sixty days, and at that time, after expending the money, he would be left to the whim of some person in the health department who might for some reason not like your petitioner, or not like the location, and such person could, after the expenditure of a great amount of money in construction of the feeding floors and equipment, fail to approve what had been done, and as a result the board of supervisors would not then be able to grant petitioner a permit; (6) that it is impossible for anyone to comply with the ordinance, and therefore the ordinance is unreasonable and void. It has been stipulated that petitioner is operating a hog ranch in the county of Orange on the land owned by the petitioner which is situated east and north of the city of Orange and that it is located in zone section 17-M-3, as described in Ordinance No. 351.

The application of the provisions of Ordinance No. 366, before amendment, was before this court for consideration in *In re Fassett*, 21 Cal.App.2d 557 [69 P.2d 865]. The provisions of section 2 of that ordinance were therein set forth. It in substance provided that those who had been maintaining a hog ranch for a year or more at the same premises should be entitled to a permit to carry on the business, or to increase the number of hogs, without the payment of any fee, or the compliance with any regulations except those provided in prior ordinances, while all others who wished to engage in said business were required to pay a fee for such a permit and to comply with certain additional regulations, compli-

ance with which would be onerous, difficult and expensive. We there held that Ordinance No. 366 was, in this respect, so patently discriminatory as between persons of the same class as to be unconstitutional and invalid. Ordinance No. 370, amending Ordinance No. 366, was adopted in an endeavor to overcome these objectionable features of Ordinance No. 366.

It has heretofore been established that the business of raising hogs and the management and operation of such business under certain circumstances and conditions may be made subject to proper and reasonable regulations. (*In re Fassett, supra.*) ■ The first question is whether the enactment of section 731a of the Code of Civil Procedure prevents the operation of County Ordinance No. 366, as amended by Ordinance No. 370, in its entirety. Section 9 of the original ordinance provides that any buildings or structures maintained and/or any use of the land or property maintained contrary to the provisions of the ordinance is declared to be a public nuisance. Petitioner was not charged with the violation of this section. Whether this section can be held to be effective since the enactment of section 731a of the Code of Civil Procedure is not material to a determination of the question before us, and we specifically refrain from deciding it. The ordinance provides that if any section of the ordinance is held to be unconstitutional or invalid, such decision shall not affect the invalidity of the remaining portions of the ordinance. Section 2 thereof makes it a misdemeanor for any person to engage in or carry on a commercial hog ranch without first having procured a permit therefor, irrespective of whether such hog ranch does or does not constitute a nuisance. It was this section of the ordinance that petitioner was accused of violating. ■ The police power, the power to make laws to secure the comfort, convenience, peace, and health of a community, is an extensive one, and in its exercise a very wide discretion as to what is needful and proper for the purpose is necessarily committed to the legislative body in which the power to make such laws is vested. (*County of Plumas* v. *Wheeler,* 149 Cal. 758, 762 [87 P. 909].) ■ The exercise of this police power is not limited to the regulation of such things as have already become nuisances or have been declared such by the courts. (*Boyd* v. *City of Sierra Madre,* 41 Cal.App. 520 [183 P. 230]; *In re Mathews,* 191 Cal. 35 [214 P. 981]; *Odd Fellows' Cemetery Assn.* v. *San Francisco,* 140 Cal. 226 [73 P. 987].) ■ The

power to regulate or prohibit conferred upon the board of supervisors not only includes nuisances but extends to everything expedient for the preservation of the public health, the prevention of contagious diseases, the right to prohibit slaughter houses, the feeding of swill slop to cows except in certain designated places, the keeping of more than two cows within certain limits, the erection of wooden buildings, and the maintenance of carpet-beating establishments. (*Ex Parte Shrader,* 33 Cal. 279; *Johnson* v. *Simonton,* 43 Cal. 242; *Ex Parte Casinello,* 62 Cal. 538; *Ex Parte Heilbron,* 65 Cal. 609 [4 P.2d 648]; *Ex Parte Fiske,* 72 Cal. 125 [13 P. 310]; *In re Linehan,* 72 Cal. 114 [13 P. 170]; *McCloskey* v. *Kreling,* 76 Cal. 511 [18 P. 433]; *Ex Parte Lacey,* 108 Cal. 326 [41 P. 411, 49 Am.St.Rep. 93, 38 L.R.A. 640].) ■ The keeping of animals may be a proper subject of municipal regulation and by such regulation the number of animals which may be kept may be limited. (*In re Mathews, supra; Miller* v. *City of Arcadia,* 121 Cal.App. 660 [9 P.2d 587]; *In re Ellis,* 11 Cal. 2d 571 [81 P.2d 911]; *Ex Parte Mirande,* 73 Cal. 365 [14 P. 888].) ■ While the right to engage in a lawful and useful occupation cannot be taken away under the guise of regulation, such occupation may be subjected to regulation in a public interest even though the exercise of the power to regulate involves in some degree a limitation upon the exercise of the right regulated, ■ and the manner and extent of the regulation are matters primarily for legislative determination with which the courts cannot interfere unless it clearly appears that a statute, or ordinance, enacted ostensibly for the purpose of regulation, imposes an arbitrary and unreasonable burden upon the pursuit of the occupation. (*In re Carlson,* 87 Cal.App. 584 [262 P. 792]; *County of Plumas* v. *Wheeler, supra; Riley* v. *Chambers,* 181 Cal. 589 [185 P. 855, 8 A.L.R. 418].) ■ We therefore see no merit to the contention that section 731a of the Code of Civil Procedure is in conflict with or repugnant to the operation of section 2 of the ordinance as amended.

■ The next question presented is whether the section of the ordinance, for a violation of which petitioner was convicted, is so unreasonable in character, in respect to the matters complained of, as to transcend the proper exercise of the law-making power or render it unconstitutional because of class discrimination. The amended ordinance has removed the one-year discriminating clause referred to in the previous decision (*In re Fassett, supra*). Petitioner, on June 3,

1937, filed three separate applications for the operation of commercial hog ranches with the Board of Supervisors of Orange County. Thereafter, two of those applications were granted and permits issued therefor which have never been canceled. The third application (being the application for the premises involved in this proceeding) was denied. From the record before us it appears that the particular hog ranch here involved has been in operation ''since the early part of 1936.'' The record likewise shows that there are no commercial hog ranches now in operation in that county without a regular permit except the ranch of petitioner and two others, one of which has been civilly enjoined and the other has filed its application for a permit, which application is still pending. Since the adoption of the amended ordinance on July 13, 1937, 18 of such permits have been granted and three denied. The reason for the denial of the permit to petitioner is not set forth. So far as the record discloses, the board of supervisors may have been fully justified in denying it. Petitioner does not contend otherwise. No claimed abuse of discretion or that the board acted arbitrarily is alleged or presented by petitioner. There is nothing *unreasonable* in requiring a person to obtain a permit to maintain a commercial hog ranch and regulate its operation in Orange County. ▉ In the enactment of police regulations the legislative body is not confined to present conditions alone, but may look to the future, and make such provisions as may be reasonably expected to be necessary to promote and preserve the public health and welfare in the immediate growth and progress of the city. ▉ Except where the court can say, in the light of facts properly brought to its knowledge, that a police regulation has no just relation to the object which it purports to carry out and no reasonable tendency to preserve or protect the public safety, health, comfort or morals, the decision of the legislative body as to the necessity or reasonableness of the regulation is conclusive. (*In re Mathews, supra; Ex Parte Hadacheck,* 165 Cal. 416 [132 P. 584, L.R.A. 1916B, 1248]; *Odd Fellows' Cemetery Assn.* v. *San Francisco, supra.*)

▉ The complaint that the ordinance discriminates between those persons already engaged in the hog-raising business and those who might, subsequent to the enactment of the ordinance, engage in that business, does not appear well founded as to this petitioner. It is conceded that the petitioner was engaged in that business on the hog ranch in

question when this ordinance was enacted. It would seem that petitioner, who is already established in the hog-raising business, should not, here and now, be heard to complain if greater burdens are imposed upon those who intend to engage in that business in the future. The discrimination charged, insofar as it could be shown to exist at all, would therefore appear to be in his favor. Notwithstanding this conclusion, petitioner does not contend that the ordinances in question have operated, in practical effect, to exclude hog ranches from Orange County. The statistics set forth in respondent's answer repels any such suggestion. ■ The force of petitioner's argument in this respect, as we understand it, is that a person who might, for the first time, be required to obtain a permit and engage in the hog-raising business in Orange County after the enactment of the ordinance referred to, or re-establish a commercial hog ranch at some other location, as distinguished from a person who was previously in such established business, would be so restricted by the requirements and subjected to the caprice and whims or prejudices of a public health officer in making a determination of the actual requirements of construction rather than a reasonable, unbiased decision of those questions by the board of supervisors. This same point was raised in *In re Hartmann,* 25 Cal.App.2d 55 [76 P.2d 709], where a much more absolute and final authority was conferred upon the chief of police. The court there stated that the presumption is that every officer will perform his full duty in a fair and lawful manner and under such an ordinance it cannot be assumed that the chief of police will arbitrarily refuse to grant permits to canvass for subscriptions without good cause. The same point was raised and considered and decided adversely to petitioner's contention in *Boyd* v. *City of Sierra Madre, supra.* We see no merit to this contention. We cannot assume that the health officer authorized by the ordinance to make the necessary inspections will act arbitrarily.

Writ discharged and petitioner remanded.

Barnard, P. J., and Marks, J., concurred.