[Civ. No. 10373. Fourth Dist., Div. One. Mar. 8, 1971.]

ALBERT E. CASTIGLIONE, Plaintiff and Appellant, v.
COUNTY OF SAN DIEGO, Defendant and Respondent.

**COUNSEL**

Graham K. Fleming for Plaintiff and Appellant.

Bertram McLees, Jr., and Robert G. Berrey, County Counsel, and John McEvoy, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**WHELAN, J.**—Albert E. Castiglione (plaintiff) appeals from an adverse judgment in his action for declaratory relief by which he sought to have an ordinance of San Diego County (defendant) declared invalid.

From 1958 to 1967 plaintiff carried on the business of an auto wrecking yard on an 18-acre tract in the unincorporated area of San Diego County under a series of permits from the Board of Supervisors of San Diego County (Board). That was done pursuant to a county ordinance that had been in effect since 1951. The ordinance, with subsequent amendment and codification, provided in substance and still provides:

"PERMIT REQUIRED. No land within the unincorporated territory of the county shall be used for any of the following purposes unless a permit therefor has been granted by the Board of Supervisors pursuant to this division:

"(a) The storage of junk.

"(b) The storage of nonoperating motor vehicles.

"(c) A motor vehicle wrecking yard.

"(d) A metal salvage yard."

The permit most recently issued to plaintiff was for a period of five years which expired on October 23, 1967.

Prior to that date plaintiff had applied for a renewal of the permit. A public hearing on the application was held by the Planning Commission of San Diego County which, on December 1, 1967, denied the application. Plaintiff appealed that decision to Board, which granted plaintiff, and held, a public hearing de novo on the application for permit and denied it.

The present action followed.

Plaintiff contends that by virtue of the adoption by the Legislature of chapter 4 of title 7 of the Government Code (§§ 65800-65907, "Zoning Regulations"), while a county may regulate otherwise the manner in which a business may be carried on, no use of land for any purpose may be regulated by general ordinance except as a zoning regulation adopted in the manner provided by chapter 4.

The trial court made its declaratory judgment holding that the State Planning Law does not prohibit the regulation of land use in the unzoned areas of County, but that County, under the general police powers and independent of any statutory grant of authority, has the power to regulate those uses of land such as a motor vehicle wrecking yard which are or may become nuisances.

Plaintiff argues that by Government Code chapter 4 of title 7, the Legislature has preempted the field of land use regulation, that there may not be any regulation of the use of land for any purpose except within the framework of a zoning ordinance adopted in conformity with chapter 4.

When the application for a permit was denied Government Code section 65800 declared: "It is the purpose of this chapter to provide for the adoption and administration of zoning laws, ordinances, rules and regulations by counties and cities, as well as to implement such general plan as may be in effect in any such county or city. The Legislature declares that in enacting this chapter it is its intention to provide only a minimum of limitation in order that counties and cities may exercise the maximum degree of control over local zoning matters."

Government Code section 65802 provides: "No provisions of this code, other than the provisions of this chapter, and no provisions of any other code or statute shall restrict or limit the procedures provided in this chapter

by which the legislative body of any county or city enacts, amends, administers, or provides for the administration of any zoning law, ordinance, rule or regulation."

Neither the stated purpose of chapter 4 nor historical precedent supports plaintiff's contention.

Before the introduction of zoning as a means for the orderly and uniform planned development of urban areas, the governmental regulation of land use as to certain purposes generally had to do with business operations that were not per se illegal or nuisances but which, if carried on in certain locations, would be or would tend to become nuisances.

In 1913 the Supreme Court upheld the validity of an ordinance adopted in 1910 that excluded the operation of a brickyard in a certain area of the City of Los Angeles. The court said: "It is immaterial to the particular point under discussion that the conduct of a brickyard is not a nuisance per se. The police power granted by the constitution is not restricted to the suppression of nuisances. It includes the regulation of the conduct of business, or the use of property, to the end that the public health or morals may not be impaired or endangered.' " (*Ex parte Hadacheck*, 165 Cal. 416, 419 [132 P. 584].)

With the inception of zoning it continued to be true that certain land uses possessed "characteristics of such unique and special form as to make impracticable their being included automatically 'in a designated zone' . . ." (*Paramount Rock Co.* v. *County of San Diego*, 180 Cal.App.2d 217, 222 [4 Cal.Rptr. 317].)

It has been a feature of some zoning ordinances to leave certain areas unclassified as to the uses permitted, but to provide that certain uses within such areas could be carried on only under a permit. Thus in *Cantrell* v. *Board of Supervisors*, 87 Cal.App.2d 471 [197 P.2d 218], a permit had been given as provided by a zoning ordinance for operation of a hog ranch, which we may assume could not have been carried on without such permit.

In *Livingston Rock etc. Co.* v. *County of L. A.*, 43 Cal.2d 121, 123-124 [272 P.2d 4], the area involved had been in "an M-3 zone (unlimited), under ordinance No. 1494 (new series) of the County of Los Angeles, permitting any building structure or improvement to be erected, established or maintained thereon without restriction as to use or occupancy."

In *National Advertising Co.* v. *County of Monterey*, 211 Cal.App.2d 375, 377, 382 [27 Cal.Rptr. 136], it was said of such an unclassified area: "Section 12 establishes a 'U,' or unclassified district, in which the only

restrictions prohibit off-site signs and require a use permit for each of some 22 uses. The greater part of the county's unincorporated area is placed in the 'U' zone. . . . [T]hese districts are designed as holding areas, whose rural character is to be maintained only until some definite trend toward particular uses begins to develop. The ordinance recognizes that these areas have not reached a point of development warranting more specific regulation."

An apparent purpose of such a scheme is to forestall a future claim that such a use, if not carried out under a terminable permit, had become a nonconforming use under restrictive zoning that might later be established.

The claim made here by plaintiff is of that character, and has been anticipated by the requirement of a permit limited as to time.

The end result of plaintiff's argument is that since only by ordinance adopted as provided in Government Code sections 65853 and 65854 could use of land within the unincorporated area of the county be restricted from use for any purpose not inherently lawful, and since no such zoning ordinance has been adopted covering the area in which his property is located, he has by this time established a nonconforming use which would have to be taken into account in any zoning of that area that excluded such a business.

Thus by accepting the permits under which he operated and without which he might not have operated, plaintiff would have established himself in a position superior to that which existed when he first applied for a permit. In that respect he somewhat resembles the landowners in *Edmonds* v. *County of Los Angeles,* 40 Cal.2d 642 [255 P.2d 772], of whom the court said, at page 653: "Having taken the benefits of the exception, plaintiffs may not now attack their manner of acceptance. (Civ. Code, § 3521.) That they made an oral acceptance cannot be questioned in the light of the undisputed evidence, and everyone present at the board meeting so understood. The fact that a written acceptance was never made cannot now be successfully advanced. For a period of three years plaintiffs made a use of their property to which they were not entitled under the law in the absence of the granting of the conditional exception. By their conduct they led everyone to believe that the exception had been accepted."

The situation that existed when plaintiff first applied for and obtained a permit to operate his business is analogous to that which would have existed if all the unincorporated area had been divided into zones in none of which was the operation of a car wrecking yard provided for, if in that situation plaintiff had requested a conditional use permit.

■■ Government Code section 65851 provides as follows: "For such purposes the legislative body may divide a county, a city, or portions there-

of, into zones of the number, shape and area it deems best suited to carry out the purpose of this chapter."

It follows that the county government may elect to classify only certain portions of the county as zones subject to regulations which are variable as between different zones but uniform within a particular zone.

It also follows that those portions of the county not subjected to regulations specified to be applicable to a zone designated by a certain classification letter or number must remain subject to all regulations of a county-wide application derived from the following grant found in article XI, section 11 of the California Constitution. "Any county . . . may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

It is clear that as to such businesses there might be regulations under the police power as distinguished from zoning.

"[T]he distinction between the power to prohibit nuisances and the power to zone is exceedingly important. The power over nuisances is more circumscribed in its objects; but once an undoubted menace to public health, safety, or morals is shown, the method of protection may be drastic." (*Jones* v. *City of Los Angeles,* 211 Cal. 304, 316 [295 P. 14].)

For that reason cases cited by plaintiff dealing with zoning ordinances, such as *Silvera* v. *City of South Lake Tahoe,* 3 Cal.App.3d 554 [83 Cal. Rptr. 698], and *City of Sausalito* v. *County of Marin,* 12 Cal.App.3d 550 [90 Cal.Rptr. 843], have no applicability.

The business of an automobile wrecking yard is a legitimate one. Yet, 18 acres of old car bodies in various stages of demolition is not something that when seen pleases, and, depending upon the circumstances, might be a nuisance.

We have not been made aware of the circumstances. Plaintiff in a separate action has sought review of the proceedings by which Board denied his application for a permit.

The judgment is affirmed.

Brown (Gerald), P. J., and Ault, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1971.