[Civ. No. 14620.   First Dist., Div. Two.   June 18, 1951.]

ANTHONY G. LAGISS, Appellant v. RUDOLPH J. KRAINTZ, Respondent.

Edmund S. Barnett for Appellant.

Francis W. Collins, District Attorney, and Matthew S. Walker, Deputy District Attorney, for Respondent.

DOOLING, J.—Appellant sought a writ of mandate in the superior court to compel respondent, building inspector of Contra Costa County, to issue him a permit to construct a building, on property owned by him facing on Acalanes Road in that county, to be used for retail business purposes. A demurrer was sustained to his petition with leave to amend and, upon his failure to amend, the judgment was entered against him from which he appeals.

Appellant argues that there is no provision in our law for a demurrer to a petition for writ of mandate. Demurrers to such petitions are a commonplace in our procedure, are recognized as proper in original proceedings in the Supreme Court and District Courts of Appeal by rule 56(c) Rules on Appeal, and have the sanction of express judicial decision in *Matteson* v. *Board of Education,* 104 Cal.App. 647, 650 [286 P. 482].

The allegations of the petition show that appellant's property is zoned as Transitional Residential Agricultural under the county zoning ordinance, which permits its use for single family dwellings, small farming or horticultural production. The number of persons whose day to day family maintenance needs could be readily and conveniently served by a retail business on plaintiff's property is approximately 800, residing in approximately 202 homes, and within the immediate future it is reliably estimated that said population number will have increased to more than 2,000 persons. The nearest existing businesses supplying day to day needs of these persons are more than three miles away from said population with no public means of transportation thereto.

We pause to remark that the allegations of probable future changes contained in the petition, of which the allegation of the estimated future increase in population is an example, cannot be looked to as a legal ground for striking down the ordinance. It must be unconstitutional as applied to existing facts in order to be held presently invalid. Courts will not speculate on whether future conditions, when or if they come into being, may render the ordinance unconstitutional as applied to the changed conditions. If the conditions do so change petitioner will then have his remedy if the new conditions render the operation of the ordinance invalid as to him.

The allegations that no retail businesses catering to day to day needs exist within less than 3 miles from the population which appellant's proposed business would serve

might, standing alone, justify a judicial inquiry into the reasonableness of the zoning ordinance in that respect. They do not stand alone however. The petition contains the following additional allegations touching this subject: 1,200 feet south of appellant's property Acalanes Road intersects State Highway No. 24 and on the north side of that highway there is zoned for business, 2,800 feet of highway frontage. If that area, which is within one quarter of a mile of appellant's property, does not have businesses there established to meet the day to day retail needs of the 800 persons referred to in the complaint, it affords ample space for such businesses which is all that the county authorities can be constitutionally required to do.

Appellant's allegations that present plans for construction of a freeway will eliminate 95.7 per cent of said business frontage property on Highway No. 24 is an allegation of an expected future fact which, while it may, if it occurs, give appellant legal ground for complaint, furnishes no present ground to attack the ordinance.

The fact that across the road from appellant's property there are a public high school and a cabinet shop furnishes no ground for attack on the ordinance. The petition fails to tell us whether they are nonconforming uses existing when the ordinance was adopted, which would itself justify their continuance. *(Acker* v. *Baldwin,* 18 Cal.2d 341, 345 [115 P.2d 455] ; 12 Cal.Jur. 10-Yr.Supp., Zoning, § 19, pp. 160-161.) Nor does the fact that appellant's property would be more valuable if zoned for business make the ordinance unconstitutional. *(Feraut* v. *City of Sacramento,* 204 Cal. 687, 693 [269 P. 537] ; *Zahn* v. *Board of Public Works,* 195 Cal. 497, 512 [234 P. 388].) The same is true of the allegation that no use is being made of the property on the side of Acalanes Road on which appellant's property is situated for over one mile to the north, since "one of the bases for zoning regulations is the guidance of future development for the protection of residential areas." *(Lockard* v. *City of Los Angeles,* 33 Cal.2d 453, 466 [202 P.2d 38, 7 A.L.R.2d 990] ; *Sunny Slope Water Co.* v. *City of Pasadena,* 1 Cal.2d 87, 93 [33 P.2d 672].)

The latter case repeats an often stated rule applied to comprehensive zoning ordinances: ''Before respondent can succeed in its efforts to avoid the application of the ordinance to it, it must be held that it established that the ordinance is unreasonable as to it, in the face of a strong pre-

sumption to the contrary.'' (1 Cal.2d, p. 92.) We find nothing in the petition which meets this burden.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.