[Civ. No. 9090. Third Dist. Oct. 25, 1957.]

ARCHIE L. GRAY et al., Appellants, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF STANISLAUS et al., Respondents; SECOND BAPTIST CHURCH OF MODESTO, Real Party in Interest.

Robert R. Elledge and Paul J. ten Doesschute for Appellants.

Frederick W. Reyland, Jr., County Counsel, William R. Mitchell, Assistant County Counsel, and David G. Dunford, Deputy County Counsel, for Respondents.

Nathaniel Colley for Real Party in Interest.

PEEK, J.—Petitioners sought a writ of mandate in the superior court to compel the respondent board of supervisors and the individual members thereof to rescind a use permit previously granted to the Second Baptist Church of Modesto to construct a church near that city in Stanislaus County. Respondents' demurrers to the first amended petition were sustained without leave to amend and judgment was entered accordingly. On appeal petitioners contend: (1) That respondent board had no authority to approve the granting of the use permit to the church because the legal owner of the property did not join in the application for the permit; (2) that respondents may not demur to a petition for a writ of mandate; and (3) that the evidence was insufficient to support the decision of the respondent board. We have concluded that appellants' contentions cannot be maintained.

The allegations of the petition may be summarized as follows: Under the county zoning ordinance petitioners' property is zoned as "R-A" or a rural residential district. Churches may be permitted in the district provided a use permit shall first be obtained in each case. The Second Baptist Church had contracted to purchase a lot in said district subject to favorable action by the planning commission for a permit to erect a church. The application by the church for a use permit was granted by the commission subject to certain stated conditions. As required by the county ordinance, the commission found that under the circumstances the granting of such application would not be detrimental to the health, safety, peace, morals, comfort and general welfare of persons residing or working in the neighborhood

or be detrimental or injurious to property and improvements in said neighborhood. A copy of the zoning ordinance was attached to the petition and made a part thereof. ' Thereafter the petitioners herein appealed to the board of supervisors. At the conclusion of the hearing before the board the action of the commission was affirmed.

Turning to appellants' first contention, it would appear that they are confused as to the distinction between an application for a use permit, as in the case at bar, and an application for a variance permit. The present application was made pursuant to the specific provisions of the county zoning ordinance (§ 20.11(e) of Ordinance No. 335) which provides that churches may be permitted in any ''R'' district after having first obtained a use permit. The cases cited by petitioners relative to a variance permit are not in point. Furthermore, the Stanislaus County zoning ordinance contains no requirement that the applicant for a use permit , be the legal owner of the property.

In answer to appellants' next contention, respondents' demurrer to the petition constituted a return to the alternative writ. The allegations of the petition were admitted and only issues of law were presented. (*Kennedy* v. *Ross,* 28 Cal.2d 569 [170 P.2d 904]; Code Civ. Proc., § 1094.) It is well recognized that a demurrer to a petition for a writ of mandate is a proper pleading both in the superior court (*Lagiss* v. *Kraintz,* 104 Cal.App.2d 793 [232 P.2d 541]) and in original proceedings in a reviewing court. (Rule 56(c), Rules on Appeal.)

Appellants' third contention is controlled by the well-established rule governing review of proceedings before local boards. (*Livingston Rock etc. Co.* v. *County of Los Angeles,* 43 Cal.2d 121 [272 P.2d 4].) The entire transcript of the hearing before the board was incorporated in appellants' first amended petition. It discloses that evidence introduced by the appellants at the hearing showed that livestock was pastured across the road from the proposed church site; that an automobile body repair shop was located in the near vicinity; that the secretary of the county planning commission who was qualified by them as an expert witness testified that prior to the planning commission's action he had personally inspected the area; that the granting of the use permit would assure the orderly and beneficial development of the area involved and that the proposed church was prob-

ably as well located as any church that had been built in the community with relation to the number of parcels that had been directly affected. Such evidence was amply sufficient to sustain the conclusion of the board.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.